UNITED STATES ex rel. GIRARD TRUST CO.,
TRUSTEE, v. HELVERING, COMMISSIONER OF
INTERNAL REVENUE.

No. 285.   Argued April 29, 1937.—Decided May 24, 1937.

*Mr. H. Cecil Kilpatrick,* with whom *Mr. Charles Myers*
was on the brief, for petitioner.

*Mr. J. P. Jackson,* with whom *Solicitor General Reed,
Assistant Attorney General Morris,* and *Messrs. Sewall
Key* and *F. A. LeSourd* were on the brief, for respondent.

Mr. Justice Stone delivered the opinion of the Court.

In this case we are asked to determine whether man-
damus is the proper remedy to compel the Commissioner

of Internal Revenue to refund taxes, paid by a testamentary trustee on income of the trust when the amount refunded would inure to the benefit of the *cestui que trust,* who should have paid the tax, now barred by the statute of limitations.

The testator by his will created a trust to pay over net income to his widow during her life. She elected to take under the will in lieu of the interest otherwise allowed by Pennsylvania law. The refund demanded is for taxes assessed against petitioner, the trustee, and paid by it upon the net income paid over to the beneficiary for the years 1924 to 1926, inclusive, and for the year 1928.

As a result of deficiency proceedings the Board of Tax Appeals has entered final orders determining that the amounts paid by the trustee as taxes for those years are overpayments. The beneficiary paid taxes on the income paid over to her by the trustee for the years 1924 to 1927 inclusive, but these were afterward refunded to her in recognition of the rule then followed by several courts of appeals that in these circumstances the income payments to the widow are annuities purchased by her surrender of her dower interest which are not taxable as income to her, until they equal the value of the dower interest. *Warner* v. *Walsh,* 15 F. (2d) 367; *United States* v. *Bolster,* 26 F. (2d) 760; *Allen* v. *Brandeis,* 29 F. (2d) 363. See *Stone* v. *White,* decided this day, *ante,* p. 532. She paid no tax on the income for the year 1928.

By our decision in *Helvering* v. *Butterworth,* 290 U. S. 365, it was established that the income paid over to the widow is taxable to her and not to the trustee, and in consequence that the tax, which in this case should have been paid by the beneficiary, had been erroneously collected from the trustee. It appears that the total amount of the taxes which the beneficiary should have paid exceeds the amount of the refund demanded of the Commissioner, and that the refund, if allowed, will become a part of the income of the beneficiary.

The present petition for mandamus to compel respondent, the Commissioner of Internal Revenue, to refund to petitioner the taxes erroneously collected, was dismissed by the Supreme Court of the District. The Court of Appeals affirmed, holding that the petitioner was not equitably entitled to the refund which, if allowed, would inure to the benefit of the widow, whose liability for the tax is barred by the statute of limitations. 66 App. D. C. 64; 85 F. (2d) 230. We granted certiorari, the questions decided by the Court of Appeals being cognate to those considered in *Stone* v. *White, supra.*

The government, while supporting the decision of the court below on the merits, insists that the case is not a proper one for the use of the extraordinary writ of mandamus, and that the suit should have been dismissed on that ground. The petition for mandamus is predicated upon the determination of the Board of Tax Appeals that petitioner has made overpayments of taxes for the specified years. The Board has not ordered a refund. It could not rightly do so, for its jurisdiction is limited to the determination of the amount of deficiency or overpayment, Revenue Act of 1928, §§ 272, 322 (d), 507, upon the petition of the taxpayer to review a deficiency assessment by the Commissioner. The Board is without authority to order a refund or a credit, although its decision is *res adjudicata* as to the questions involved in the computation and assessment of taxes for which a deficiency is claimed. Cf. *Old Colony Trust Co.* v. *Commissioner,* 279 U. S. 716, 726–727. When the determination of overpayment by the Board becomes final, the statute provides that such amounts shall be refunded or credited, § 322 (d), and upon the Commissioner's failure to comply with the statute, a plenary suit will lie in the district court or the Court of Claims, for the recovery of any refund to which he is entitled. See *National Fire Insurance Co.* v. *United States,* 52 F. (2d) 1011, 1013–1014; *James* v. *United States,* 38 F. (2d) 140, 143; *Ohio Steel Foundry Co.* v.

*United States,* 38 F. (2d) 144, 148–149. And in such a suit the Commissioner may secure a final adjudication of his right to withhold the overpayment determined by the Board, on the ground that other taxes are due from the taxpayer, or that upon other grounds he is not equitably entitled to the refund. See *Stone* v. *White, supra; Welch* v. *Obispo Oil Co., ante,* p. 190; *Lewis* v. *Reynolds,* 284 U. S. 281; *Crocker* v. *Malley,* 249 U. S. 223.

In view of what we have just decided in *Stone* v. *White, supra,* it is evident that in the circumstances of this case there is no clear duty of the Commissioner to refund the tax without securing a final adjudication of the government's right to retain it, as he may do by interposing an appropriate defense in a suit for the refund. Where the right of the petitioner is not clear, and the duty of the officer, performance of which is to be commanded, is not plainly defined and peremptory, mandamus is not an appropriate remedy. *U. S. ex rel. Great Western R. Co.* v. *Interstate Commerce Comm'n,* 294 U. S. 50, 61; *U. S. ex rel. McLennan* v. *Wilbur,* 283 U. S. 414, 419–420; *Wilbur* v. *U. S. ex rel. Kadrie,* 281 U. S. 206, 218–219; *Interstate Commerce Comm'n* v. *New York, N. H. & H. R. Co.,* 287 U. S. 178, 203; *U. S. ex rel. Redfield* v. *Windom,* 137 U. S. 636, 644. The officer must be left free, in the performance of official duty, to decide whether he will perform the act demanded or secure by appropriate procedure a judicial determination of the extent of his duty. His decision "is regarded as involving the character of judgment or discretion," the exercise of which will not be compelled by mandamus, *Wilbur* v. *U. S. ex rel. Kadrie, supra,* 219. *U. S. ex rel. Hall* v. *Payne,* 254 U. S. 343, 347; *U. S. ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 324, 325; *Interstate Commerce Comm'n* v. *New York, N. H. & H. R. Co., supra.*

It is true that the right to a writ of mandamus may turn on equitable considerations, as the court below held.

*U. S. ex rel. Greathouse* v. *Dern,* 289 U. S. 352. But to try petitioner's equitable right to the refund here is to make the writ of mandamus serve the purpose of an ordinary suit and to depart from the settled rule that the writ of mandamus may not be employed to secure the adjudication of a disputed right for which an ordinary suit affords a remedy equally adequate, and complete. See *Ex parte Baldwin,* 291 U. S. 610, 619; *Reeside* v. *Walker,* 11 How. 272, 292; *United States* v. *Duell,* 172 U. S. 576, 582.

As we conclude that the issue is not one which should be adjudicated in a proceeding for mandamus it is unnecessary to consider the merits and the judgment will be affirmed without prejudice to any other appropriate proceeding for the refund of the tax.

*Affirmed.*

MR. JUSTICE ROBERTS is of the opinion that the judgment should be reversed.