JAIME FIGUERAS DOBAL, querellante y apelado, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, querellado y apelante.

Número 10977.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 2 de marzo de 1955.

*Hon. Secretario de Justicia José Trías Monge (J. B. Fernández Badillo, Secretario de Justicia Interino, en el alegato) y José A. García Malpica, Procurador Auxiliar, abogados del apelante; McConnell & Valdés, abogados del apelado.*

SENTENCIA

San Juan, Puerto Rico, a 2 de marzo de 1955.

Se confirma la sentencia apelada dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, con fecha 18 de marzo de 1953, en el caso de epígrafe.

Así lo pronunció y manda el Tribunal y firma el Sr. Juez Presidente.

A. CECIL SNYDER,
*Juez Pesidente.*

Certifico:

IGNACIO RIVERA,
*Secretario.*

Opinión del Juez Asociado Sr. Belaval en la cual concurren los Jueces Presidente Sr. Snyder y Asociado Sr. Negrón Fernández.

El día 23 de enero de 1946 el querellante solicitó del entonces Tesorero de Puerto Rico, hoy Secretario de Hacienda,

el reintegro de la suma de $267.15, por el fundamento que cierta pérdida sufrida durante el año 1944 por el contribuyente en la liquidación final de su capital en cierta sociedad, era mayor que la reclamada por el contribuyente en su declaración de ingresos. Después de la investigación correspondiente, en vez de concederle o denegarle el reintegro solicitado, el Tesorero de Puerto Rico le notificó el 15 de diciembre de 1949 una deficiencia contributiva por el año 1944 ascendente a la suma de $2,561.37. El contribuyente solicitó la reconsideración de la deficiencia contributiva, y luego de la reconsideración administrativa prescrita por ley, el Tesorero de Puerto Rico le notificó al contribuyente el 25 de enero de 1950, una determinación final, imponiéndole una deficiencia contributiva por el año 1944 ascendente a la suma de $2,582.26. Por no estar conforme con la actuación del entonces Tesorero de Puerto Rico, el día 23 de febrero de 1950 el contribuyente apeló ante el anterior Tribunal de Contribuciones de Puerto Rico.

En su querella ante dicho tribunal, el contribuyente alegó no haber reclamado, en su declaración de ingresos correspondiente al año 1944, la totalidad de la pérdida sufrida en la liquidación de su capital en la mercantil Sociedad Roses & Cía., Sucrs., ascendente a $15,563.07 y solicitó del tribunal revocara la resolución del entonces Tesorero de Puerto Rico imponiéndole una deficiencia y a su vez ordenara el reintegro correspondiente por la cantidad pagada en exceso. En su contestación el entonces Tesorero de Puerto Rico levantó como defensa especial, que el tribunal carecía de jurisdicción para conceder el reintegro solicitado en la súplica de la querella, toda vez que en cuanto a dicho reintegro, no había recaído resolución administrativa alguna del entonces Tesorero de Puerto Rico, negándose a conceder dicho reintegro. Discutida esta defensa especial, el 26 de septiembre de 1950 el anterior Tribunal de Contribuciones dictó una resolución declarando sin lugar dicha defensa especial por ser "evidente

que en este caso se trata de una deficiencia y no de un reintegro". El entonces Tesorero de Puerto Rico enmendó su contestación, reproduciendo la misma defensa especial. El día 18 de marzo de 1953 el Tribunal Superior, Sala de San Juan, dictó sentencia anulando la deficiencia contributiva impuesta por el anterior Tesorero de Puerto Rico, ordenándole a dicho funcionario acreditar o reintegrar al contribuyente cualquiera cantidad que él hubiere pagado en exceso en su contribución sobre ingresos para el año 1944. El 31 de marzo de 1953 el ya Secretario de Hacienda solicitó del tribunal enmendara la sentencia en todo aquello que ordenaba a dicho funcionario a reintegrar o acreditar al contribuyente cualquiera cantidad pagada en exceso, por motivo de haberse negado el entonces Tesorero de Puerto Rico a reconocerle al contribuyente una pérdida de $15,563.07 en el año contributivo de 1944, por tratarse de una corrección de la imposición de una deficiencia contributiva y no de un reintegro, por lo cual el tribunal, al ordenar acreditar o reintegrar al contribuyente cualquiera cantidad pagada en exceso, había actuado sin jurisdicción ya que en dicho caso no había recaído aún resolución administrativa del Secretario de Hacienda negándose a reintegrar suma alguna pagada en exceso por el contribuyente. El día 31 de marzo de 1953, el Tribunal Superior declaró sin lugar dicha moción de enmienda a la sentencia, por el fundamento que la imposición de una deficiencia al contribuyente como resultado de una solicitud de reintegro, de hecho equivalía a una resolución administrativa negando la solicitud de reintegro.

El día 2 de abril de 1953 el Secretario de Hacienda, en vista del pronunciamiento del Tribunal Superior en el sentido, que la imposición de una deficiencia equivalía a una resolución administrativa negando la solicitud de reintegro, solicitó reconsideración alegando, que en tal caso, el tribunal había actuado sin jurisdicción, toda vez que, habiéndose solicitado por el contribuyente el reintegro el día 23 de enero de 1946 y notificada la deficiencia contributiva en forma tentativa

el 15 de diciembre de 1949, habiendo el contribuyente recurrido ante el Tribunal Superior el 23 de febrero de 1950, había transcurrido en exceso el término de treinta días que como requisito jurisdiccional exige la Ley núm. 235 de 10 de mayo de 1949 ( (1) pág. 733) para apelar de la resolución administrativa denegando un reintegro. El día 7 de abril de 1953 el Tribunal Superior denegó la reconsideración solicitada. El día 14 de abril de 1953 apeló el Secretario de Justicia de aquella parte de la sentencia dictada el 18 de marzo de 1953 y notificada el 20 de marzo de 1953 "que ordena al demandado a reintegrar o acreditar al demandante para el año contributivo 1944 cualquier cantidad que dicho demandante hubiere pagado en exceso debido a la negativa del demandado a aceptarle una pérdida de $15,563.07 sufrida en la liquidación del interés social del demandante en la Sociedad Roses & Cía., Sucrs." Es bueno hacer constar que el Tribunal Superior determinó, que en realidad de hecho y de derecho, la pérdida sufrida por el contribuyente fué de $15,563.07, o sea, la misma cantidad alegada por el contribuyente, y que de tal pronunciamiento, no apela el Secretario de Hacienda, lo cual deja reducido el caso a una simple cuestión procesal.

Ante nos, el único señalamiento de error formulado por el Secretario de Hacienda se concreta a que declaremos que "el Tribunal Superior de Puerto Rico actuó sin jurisdicción al dictar sentencia en el caso de autos en tanto en cuanto la misma ordena al Secretario de Hacienda a reintegrar o acreditar contribución alguna al demandante-apelado para el año 1944."

La ley aplicable al primer aspecto de este caso, o sea la solicitud de reintegro formulada por el contribuyente el 23 de enero de 1946, era la sec. 64 de la Ley de Contribuciones sobre Ingresos de 1924, antes de ser derogada por la Ley núm. 230 de 10 de mayo de 1949 ( (1) pág. 707), que disponía:

"Cuando cualquier contribución sobre ingresos o beneficios excesivos impuesta por esta Ley o por la Ley de Contribución sobre Ingresos número 59 de 1917, la Ley de Contribuciones

sobre Ingresos número 80 de 1919, la Ley de Contribuciones sobre Ingresos número 43 de 1921, o por cualquiera de dichas leyes según han sido enmendadas, o por cualquiera otra ley, se hubiere pagado en exceso, el montante de dicho exceso será acreditado a cualquier contribución sobre ingresos o beneficios excesivos o a cualquier plazo de las mismas que estuviere vencido, y cualquier remanente de dicho exceso será reintegrado inmediatamente al contribuyente.

"Cuando se haya hecho un pago de cualquier contribución sobre ingreso o por ganancias excesivas impuestas por la Ley de Contribución sobre Ingresos número 43, de 1921, según fué enmendada, por el año natural de 1924, o por cualquier año fiscal que termine en 1925, el montante de tal pago deberá ser acreditado a favor de cualquier contribución de ingresos o ganancias excesivas entonces adeudada por el contribuyente de acuerdo con las disposiciones de esta Ley o las leyes anteriormente enmendadas en esta subdivisión o de cualquier enmienda a las mismas, y cualquier balance de tal exceso será inmediatamente reembolsado al contribuyente..."

La ley aplicable al segundo aspecto de este caso, o sea, a la determinación de una deficiencia notificada por el anterior Tesorero de Puerto Rico el día 15 de diciembre de 1949, era la sec. 56 de la Ley de Contribuciones sobre Ingresos de 1924 según enmendada por la Ley núm. 136 de 9 de mayo de 1945 (pág. 457), y la sec. 57 (a) de la Ley de Contribuciones sobre Ingresos de 1924, según enmendada por la Ley núm. 230 de 10 de mayo de 1949 que disponía respectivamente:

"Sección 57 (a).—Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la subdivisión (c), será notificado de dicha deficiencia por correo certificado, y el contribuyente podrá, dentro de los treinta (30) días siguientes a la fecha del depósito de dicha notificación en el correo, o dentro de la prórroga que a tales fines le conceda el Tesorero, solicitar de éste, por escrito, reconsideración y vista administrativa sobre el asunto, exponiendo en su solicitud los fundamentos que tuviere para ello. Si el contribuyente no solicitare reconsideración en la forma y dentro del término aquí dispuesto, o si habiéndola solicitado, el Tesorero confirmare en todo o en parte la deficiencia notificada,

el Tesorero notificará, en ambos casos, su determinación final al contribuyente, por correo certificado, y el contribuyente podrá apelar de dicha determinación final para ante el Tribunal de Contribuciones de Puerto Rico en la forma, dentro del término y previo el cumplimiento de los requisitos dispuestos por ley..."

En cuanto al aspecto procesal de la reconsideración de la determinación de la deficiencia del anterior Tesorero de Puerto Rico, ante el propio Tesorero de Puerto Rico la misma está cubierta por la sec. 57(a) de la Ley de Contribuciones sobre Ingresos de 1924, según enmendada por la Ley núm. 230 de 10 de mayo de 1949 arriba transcrita.

En cuanto al aspecto procesal de la revisión de la resolución administrativa denegando el reintegro y de la apelación contra la determinación final negando a eliminar o reducir una deficiencia, la ley aplicable en 23 de febrero de 1950, que es la fecha en que el contribuyente acude al anterior Tribunal de Contribuciones, es el art. 2–A–1 y 2–A–6 de la Ley núm. 235 de 10 de mayo de 1949.

"Artículo 2.—Recursos de los Contribuyentes:

"A.—Apelación de las Determinaciones del Tesorero de Puerto Rico.—Cuando un contribuyente no estuviere conforme con una determinación notificádale por el Tesorero de Puerto Rico y tuviere derecho por Ley a apelar de ella para ante el Tribunal de Contribuciones de Puerto Rico, deberá hacerlo en la forma, dentro del término y previo el cumplimiento de los requisitos siguientes:

"1.—Contribución sobre Ingresos

"De una determinación final de deficiencia notificada en la forma provista en la Sección 57(a) de la Ley de Contribuciones sobre Ingresos de 1924, o de una determinación final denegando una reclamación de reducción, notificada en la forma provista en la Sección 62(b) de dicha Ley, radicando su demanda en el Tribunal de Contribuciones de Puerto Rico en la forma dispuesta por la Ley que crea dicho Tribunal, dentro del término de treinta (30) días, a partir de la fecha del depósito en el correo de la referida notificación de la determinación final del Tesorero de Puerto Rico, previa prestación de fianza a favor de éste y ante éste, sujeta a la aprobación de dicho funcionario, por el monto de la contribución notificada, más intereses computados

por el período de un (1) año al tipo del seis por ciento (6%) anual; Disponiéndose, sin embargo, que el contribuyente podrá pagar la parte de la contribución con la cual estuviere conforme y litigar el resto de la misma ante el Tribunal de Contribuciones de Puerto Rico, en la forma antes dicha, previa prestación de la fianza antes mencionada, por el importe de la contribución que se litigue, más intereses computados por el período de un (1) año, al tipo del seis por ciento (6%) anual; y Disponiéndose, además, que cuando se apele de una determinación final del Tesorero de Puerto Rico denegando una reclamación de reducción, el contribuyente no tendrá que prestar la fianza requerida por este artículo si la fianza que se ha acompañado a la reclamación de reducción, a juicio del Tesorero, garantiza la contribución tasada hasta su completo pago; y Disponiéndose, finalmente, que tanto el término de treinta (30) días para recurrir ante el Tribunal de Contribuciones de Puerto Rico como la prestación de la fianza antes mencionada, en los casos en que ésta sea requerida, dentro del referido término de treinta (30) días, se considerarán de carácter jurisdiccional."

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"6. Reintegro de Contribuciones

"De una determinación del Tesorero de Puerto Rico negándose a conceder el reintegro de cualquier contribución, radicando su demanda en el Tribunal de Contribuciones de Puerto Rico en la forma dispuesta por la Ley que crea dicho Tribunal, dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación del Tesorero de Puerto Rico denegando el reintegro solicitado, término que se considerará de carácter jurisdiccional."

En cuanto a la jurisdicción del anterior Tribunal de Contribuciones de Puerto Rico, la ley aplicable y en vigor al 23 de febrero de 1950 son los arts. 2 y 3 de la Ley núm. 328 de 13 de mayo de 1949 ( (11) pág. 997) que disponen:

"Artículo 2.—Además de la jurisdicción conferídale por leyes especiales, el Tribunal de Contribuciones de Puerto Rico tendrá jurisdicción, de carácter exclusivo, para conocer de todos los casos, acciones, procedimientos o recursos especiales o extraordinarios relacionados con, o que afecten, la imposición, cobro y pago de toda clase de contribuciones incluyendo contribuciones sobre la propiedad, contribuciones sobre herencia y donaciones,

contribuciones sobre ingresos, contribuciones sobre enriquecimiento injusto, contribuciones de seguro social, arbitrios, licencias y cualesquiera otras contribuciones o impuestos, así como para conocer de las reclamaciones de contribuciones cobradas por un procedimiento ilegal, o que voluntariamente o sin notificación del Tesorero de Puerto Rico se hubieran pagado indebidamente o en exceso, cuyo reintegro esté autorizado por ley y haya sido rehusado por el Tesorero de Puerto Rico; Disponiéndose, sin embargo, que esta jurisdicción no podrá invocarse ante el Tribunal por persona alguna, hasta que sobre el asunto en discusión haya recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la ley; Y disponiéndose, además, que tan sólo podrá acudir en apelación ante el Tribunal de Contribuciones de Puerto Rico en solicitud de revisión de una denegatoria de reintegro de cualquier contribución o arbitrio, la persona que haya sufrido el peso del pago de la contribución o arbitrio en discusión; y una alegación en tal sentido y la prueba de la misma en su oportunidad, serán consideradas como requisitos jurisdiccionales; Y disponiéndose, finalmente, que el Consejo Ejecutivo de Puerto Rico, hasta tanto otra cosa se disponga por ley, seguirá manteniendo su autoridad y jurisdicción para conocer de todos los procedimientos sobre exención temporal de contribuciones a industrias nuevas.

"Artículo 3.—Todas las acciones, recursos o procedimientos que deban sustanciarse ante el Tribunal de Contribuciones de Puerto Rico se iniciarán mediante demanda de la persona o entidad recurrente, formulada en nombre propio o por medio de representante legal debidamente autorizado, dentro del término de treinta (30) días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico, en cualquiera de los siguientes casos: (1) contribuciones sobre propiedad mueble o inmueble; (2) contribuciones sobre herencias o donaciones; (3) contribuciones sobre ingresos; (4) contribuciones sobre enriquecimiento injusto; (5) contribución de seguro social; (6) denegatorias de reintegros autorizados por ley, de cualquier clase de contribución pagada indebidamente o en exceso o cobrada ilegalmente por cualquier otra causa; Disponiéndose, sin embargo, que la radicación de la demanda ante el Tribunal de Contribuciones no afectará ni menoscabará el derecho del Tesorero de Puerto Rico a hacer efectiva la contribución por los procedimientos autorizados por ley, a menos que el Tribunal de Contribuciones, a solicitud del contribuyente y con citación del

Tesorero de Puerto Rico, suspenda el cobro de la contribución en litigio, mediante el afianzamiento, a su entera satisfacción, de la contribución en controversia, incluyendo intereses y penalidades. La autorización para prestar esta fianza, así como la fijación de su cuantía, serán facultad discrecional y exclusiva del Tribunal, teniendo en cuenta, en cada caso, los hechos y circunstancias que a su juicio concurran y afecten el interés, tanto del contribuyente, como de El Pueblo de Puerto Rico..."

Para la discusión de este asunto es bueno dejar claramente establecido que tanto el reintegro solicitado por el contribuyente, sobre el cual alega el Secretario de Hacienda que todavía no ha recaído resolución administrativa, como la deficiencia impuesta por el Secretario de Hacienda, se refieran a una misma partida dentro de una misma declaración de ingresos, y que la eliminación de la deficiencia impuesta por el anterior Tesorero de Puerto Rico traerían automáticamente como consecuencia, recobrar la cantidad pagada en exceso. Como se recordará al rendir su declaración sobre contribución de ingresos correspondiente a su año contributivo 1944, el contribuyente reclamó una pérdida por $12,740.45 en vez de $15,563.07. Dicha pérdida provenía de la diferencia de una comandita heredada en el 1935 por el contribuyente con un valor de $28,344.02 mientras la sociedad estaba en liquidación, y que al liquidarse en el 1944, solo le rindió al contribuyente $12,780.95 al solicitarse el reintegro el anterior Tesorero de Puerto Rico figuró una pérdida estatutaria para la sociedad de $43,005.67 desde el 1930 hasta el 1944, a la cual le concedió una deducción de $2,874.33 por concepto de beneficios acumulados en un fondo de emergencia, y considerando que la participación del querellante en el capital era 8.70557181% le determinó una pérdida en dicho capital de $3,493.48. El anterior Tribunal de Contribuciones determinó que la pérdida establecida por el anterior Tesorero de Puerto Rico era errónea "por cuanto dicha partida se basa en una situación estatutaria a los fines de '(determinar)', la contribución de ingresos que debió pagar la sociedad y no a base de la situación real o comercial que concierne a los socios;

además que a los efectos de obtener la cantidad de $43,005.67 que el demandado consideró como la pérdida estatutaria de la sociedad entre 1935 y 1944, erróneamente se dejaron de considerar los años de 1930 hasta 1935 en que también la sociedad estaba en proceso de liquidación." Por tal motivo le ordenó al Secretario de Hacienda que "al determinar la contribución sobre ingresos a ser satisfecha por el demandante para el año 1944 le conceda una pérdida de $15,563.07" que era la base que tuvo el contribuyente para solicitar el reintegro del exceso pagado. *

La sec. 64 de la Ley de Contribuciones sobre Ingresos de 1924 según regía en el 1946, fecha de la solicitud del reintegro, le daba al anterior Tesorero de Puerto Rico facultad: (1) para acreditar el exceso pagado a cualquier contribución sobre ingresos o beneficios excesivos, o a cualquiera plazo de las mismas que estuviere vencido y (2) reintegrar inmediatamente al contribuyente cualquier remanente de dicho exceso. Es obvio que en caso de no existir ninguna contribución pendiente de pago, como parece ser este caso, el anterior Tesorero tenía que reintegrar inmediatamente al contribuyente la totalidad de lo pagado en exceso.

Cuando se solicitaba un reintegro, la práctica administrativa, impuesta por las propias exigencias de la sec. 64, consistía en (1) la revisión de la declaración de ingresos dentro de la cual se producía la solicitud de reintegro, para determinar la legitimidad del pago en exceso, (2) la investigación de los fundamentos aducidos por el solicitante para solicitar el reintegro, (3) la redeterminación de la responsabilidad contributiva (*tax liability*) del solicitante en la declaración de ingresos dentro de la cual se originara la solicitud de reintegro y (4) el re-examen de todas las declaraciones de ingresos todavía recobrables para determinar cualquier ulterior responsabilidad contributiva del solicitante por otras declaraciones de ingresos, distintas a la declaración donde se originara el reintegro (*re-audit*) y entonces se decretaba el reintegro del pago en exceso, dependiendo del hecho de la

legitimidad del pago en exceso, de la veracidad de los fundamentos aducidos por el solicitante, de la redeterminación de la responsabilidad contributiva dentro de la declaración de ingresos donde se originara el reintegro y de la demostración que el solicitante no se encontraba adeudando cantidad alguna por ningún concepto por cualesquiera otras declaraciones de ingresos rendidas por el solicitante. En esto era lo que consistía la llamada resolución administrativa denegando el reintegro. Tal práctica administrativa ha sido sancionada por la jurisprudencia como válida: *Lewis* v. *Reynolds*, 284 U. S. 281, 76 L. Ed. 293, (*McReynolds*), (1932), cita precisa a la pág. 283 U. S., 295 L.Ed. ; *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62, 77 L. Ed. 619, (*Cardozo*), (1933), cita precisa a la pág. 70 U. S., 624 L. Ed.; *United States* v. *Prentiss & Co.*, 288 U. S. 73, 77 L. Ed. 626 (*Cardozo*), (1933), cita precisa a la pág. 86 U. S., 632 L. Ed.; *United States ex rel Girard T. Co.* v. *Helvering* 301 U. S. 540, 81 L. Ed. 1272 (*Stone*), (1937), cita precisa a la pág. 543 U. S., 1276 L. Ed.

Para cumplir con su deber público de reexaminar (*reaudit*) todas las declaraciones sobre ingresos que todavía resulten recobrables el Secretario de Hacienda tenía facultad para determinar cualesquiera deficiencias que hubiera en la misma declaración de ingresos donde se originara la solicitud de reintegro o en cualesquiera otras declaraciones de ingresos, rendidas por el contribuyente.

Estamos obligados a presumir que los procedimientos administrativos impuestos por ley, fueron cumplidos mientras no se demuestre lo contrario. El simple hecho de haber impuesto una deficiencia sobre la misma partida en la cual se basaba la petición de reintegro, demuestra, que el anterior Tesorero pasó sobre la solicitud de reintegro, y que opuso a dicha solicitud la determinación de dicha deficiencia como única razón para denegarlo. Hasta cierto extremo, resulta correcto el razonamiento del ilustrado Juez sentenciador en el sentido, que habiéndose hecho la imposición de la deficiencia

en virtud de la solicitud del reintegro, tal imposición equivalía a una resolución administrativa sobre la solicitud de reintegro, para todos los efectos.

En cuanto a la notificación se refiere, el anterior Tesorero pudo haber hecho cualquiera de estas tres diligencias: (1) notificación al solicitante del reintegro de su resolución administrativa denegando el reintegro por el fundamento de haber determinado tentativamente una deficiencia; (2) notificación al solicitante del reintegro de su determinación tentativa de una deficiencia encontrada en la redeterminación de la pérdida que debía ser resuelta antes de procederse a la devolución del pago en exceso; (3) notificación al solicitante del reintegro tanto de su resolución administrativa denegando el reintegro como de su determinación tentativa de una deficiencia.

Pero en este caso el anterior Tesorero, sólo procedió a hacer una sola notificación, la de la determinación final de la deficiencia y no notificó providencia alguna para negar el reintegro, aún después de haberse reconsiderado la determinación tentativa y de haberse celebrado una vista administrativa para imponer la determinación final. El efecto práctico de tal actuación es que la notificación de la determinación final de la deficiencia es suficiente para los efectos de revisar tanto la negativa de la solicitud de reintegro como para revisar la determinación final de la deficiencia, por tratarse de una misma cuestión litigiosa, donde una actuación le sirve de causa a la otra. Aunque la mejor práctica siempre hubiera sido la notificación dual, el hecho de que el Tesorero sólo hiciera una, no debe perjudicar al contribuyente, máxime en un caso como éste, donde no existe en los autos, ni en la prueba producida ante el Tribunal Superior, que fuera de la deficiencia, determinada según se ha explicado, el anterior Tesorero tuviera otras razones para denegar el reintegro. Es bueno recordar que la sec. 64 de la Ley de Contribuciones sobre Ingresos de 1924, le imponía al anterior Tesorero la obligación de reintegrar cualquier remanente *"inmediatamente al*

*contribuyente*" y que todas las determinaciones para denegar el reintegro deben ser hechas de una sola vez, para no defraudar la intención legislativa. Si adoptáramos el criterio que el Secretario de Hacienda podría seguir determinando deficiencia tras deficiencia, simplemente por el hecho de no notificar a tiempo una resolución administrativa expresa denegando el reintegro, quedaría doblemente defraudada la intención legislativa.

Otro de los argumentos en que basa el Secretario de Hacienda su defensa de falta de jurisdicción es la diversidad del trámite que existía entre el procedimiento para revisar la negativa de un reintegro y el procedimiento para apelar de una determinación final de deficiencia ante el anterior Tribunal de Contribuciones de Puerto Rico, a la fecha del caso. Como se ha expresado antes, al solicitar el contribuyente el reintegro de cierto pago en exceso por haber deducido una pérdida más baja de la que realmente fué, el anterior Tesorero procedió a redeterminar su responsabilidad contributiva con relación al año 1944; como resultado de su investigación en vez de conceder o denegar el reintegro, y notificarlo así al contribuyente, para que éste pudiera apelar en tiempo oportuno de su resolución administrativa, el anterior Tesorero le determinó tentativamente al contribuyente una deficiencia sobre la misma partida en la cual él basaba el pago en exceso; el contribuyente solicitó reconsideración y vista administrativa sobre dicha determinación tentativa las cuales fueron concedidas; después de la vista y de algunos ajustes menores, el anterior Tesorero le notificó una determinación final de deficiencia sobre la misma y única partida envuelta en la solicitud de reintegro; el contribuyente apeló de esta determinación final dentro de los treinta días hábiles para ante el anterior Tribunal de Contribuciones de Puerto Rico. Ahora, el Secretario de Hacienda arguye que como de acuerdo con la sec. 57 (*a*) de la anterior Ley de Contribuciones sobre Ingresos de 1924, según enmendada por la Ley núm. 235 de 10 de mayo de 1949, la apelación de la resolución administrativa

debe ser hecha dentro de los treinta días de haber notificado el anterior Tesorero su resolución administrativa y como de acuerdo con la sec. 57 (*a*) de la anterior Ley de Contribuciones sobre Ingresos de 1924, según enmendada por la Ley núm. 235 de 10 de mayo de 1949, la apelación de la deficiencia debe ser hecha dentro de los treinta días de haber notificado el anterior Tesorero su determinación final después de reconsideración, en el supuesto que la notificación de la determinación tentativa de la deficiencia equivaliera a la notificación de la resolución administrativa del reintegro, al apelar únicamente el contribuyente de la determinación final de la deficiencia, no podía estar apelando al mismo tiempo de la resolución administrativa denegando el reintegro, porque ya habrían transcurrido los treinta días que le concede la ley al contribuyente para apelar de la resolución administrativa denegando el reintegro. Esto sería correcto si el anterior Tesorero hubiera hecho una notificación distinta tanto para denegar el reintegro como para determinar finalmente la deficiencia. Pero al no hacerlo nos ha obligado a examinar cuál fué el verdadero efecto de la omisión de parte de sus funciones, de acuerdo con las obligaciones que le impone la ley, cuando se le solicita el reintegro, habiendo llegado a la conclusión que cuando por única repuesta a la solicitud de reintegro el anterior Tesorero, impone una deficiencia sobre la misma partida en la cual se basa el alegado pago en exceso del solicitante, al disponer de la deficiencia, en ausencia de otras razones, el tribunal tiene facultad para ordenar el reintegro. Una cosa es la diversidad de trámites apelativos y otra cosa es la facultad del tribunal para disponer, dentro de una cuestión litigiosa sometida a él, cualquiera medida reparadora, para evitar la relitigación viciosa de una cuestión litigiosa totalmente sometida a su consideración.

Debe confirmarse la sentencia apelada.

Los Jueces Asociado Sres. Marrero, Sifre y Pérez Pimentel concurren en el resultado.