**Bernard M. RICE, Plaintiff,**

v.

**A. M. STOEPLER, Defendant.**

**Civ. A. No. 29022.**

United States District Court
E. D. Michigan, S. D.

Feb. 7, 1967.

Bernard M. Rice, Detroit, Mich., in pro. per.

Lawrence Gubow, U. S. Dist. Atty., Patricia J. Pernick, Asst. U. S. Dist. Atty., Detroit, Mich., and Carl H. Miller, Tax Division, Department of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

MACHROWICZ, District Judge.

This action was commenced on September 27, 1966, upon the filing of a petition for writ of mandamus, naming A. M. Stoepler, District Director of the Internal Revenue Service as respondent. The petition prays that the writ of mandamus issue to compel respondent to identify the official who was responsible for the authorization and certification of petitioner's refund for the tax year 1964 and to show cause why the Service should not be prevented from continuing to harass petitioner. Respondent filed a motion to dismiss and a supporting brief on the ground that the petition fails to state a claim upon which relief can be granted. The matter came on for hearing at which time petitioner stated on the record his intention to proceed *in pro. per.*

At the hearing, petitioner failed to indicate any reasons why he felt he was entitled to the relief sought against respondent other than to say he believed that respondent authorized the 1964 tax refund. Counsel for respondent advised the Court that it is the policy of the Internal Revenue Service to process expeditiously refund claims on income tax returns without foregoing the right to re-examine those returns at a later date to verify the details of the returns. He further stated that petitioner's claim for refund for the tax year 1964 had been promptly paid in accordance with this procedure, but had been later audited at which time a deficiency was found to be due. The amount of this deficiency has not yet been finally determined and consequently no formal assessment has been levied against petitioner for 1964. There is no case involving this 1964 deficiency currently pending either in the tax court or in the district court. Petitioner apparently agrees with the facts as stated above, but contends he is nonetheless entitled to have the name of the Internal Revenue Service official who originally authorized the refund on his 1964 taxes.

The Court finds that respondent is not under a plainly defined peremptory duty to reveal the identity of the official responsible for the authorization and certification of petitioner's 1964 tax refund and hence, under the authority of United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272 (1937), this petition for writ of mandamus must fail. Furthermore, the Court finds that petitioner, if he is entitled at all to the information which he seeks herein, will be able to secure such information through appropriate discovery procedures if and when this matter is ever brought before the

tax court or the district court in a refund action. Hence, since there is an adequate remedy at law, extraordinary writs such as the one involved herein will not lie. Girard Trust Co., supra.

For the foregoing reasons, it is ordered that respondent's motion to dismiss the petition for writ of mandamus be, and it hereby is granted.