Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that the motion of counterclaimants Quixoti Corporation and The Caring Group, Inc. for summary judgment on Counts I and II of their counterclaim be and it is granted.

Plaintiff GNG XI, Inc. is hereby declared to be in default under the Sale Agreement and related documents and Quixoti Corporation and The Caring Group, Inc. are entitled to foreclose upon the pledged stock of Medigroup Enterprises, Inc. and its six wholly-owned subsidiaries.

The options and agreements entered into between GNG XI, Inc. and defendants as part of the Sale Agreement are hereby declared null, void and of no force and effect pursuant to the provisions of the Sale Agreement.

In light of this ruling,

IT IS FURTHER ORDERED that defendants are entitled to judgment as a matter of law on Count I of plaintiff's first amended complaint.

IT IS FURTHER ORDERED that defendants' motion for partial summary judgment be and it is denied.

Jerry E. GILLILAND, et ux., Plaintiffs,

v.

Vallie C. BROOKS, et al., Defendants.

Civ. A. No. 3:86–0380.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 29, 1986.

James David Leckrone, L. Glenn Worley and H. Neill Falls, Farris, Warfield and Kanady, Nashville, Tenn., for plaintiffs.

Joe Brown, U.S. Atty., Nashville, Tenn., and Gregory L. Nelson, Civil Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The plaintiffs-taxpayers seek relief in the form of mandamus pursuant to 28 U.S.C. § 1361. They request that an order issue compelling the defendant Mr. Vallie C. Brooks, Esq., attorney with the Nashville district counsel's office of the office of chief counsel, United States Department of Treasury, and the defendant Mr. Richard Neubaurer, district counsel for the Nashville district, to execute and enter with the United States Tax Court a partial stipulation entered into between the plaintiffs and the appeals division of such office of chief counsel.

The defendants moved for a dismissal of the complaint or, in the alternative, for a summary judgment pursuant to Rules 12(b)(1), (6), 56(b) F.R.Civ.P. The plaintiffs moved also for a summary judgment.

As oral arguments are found unnecessary for the disposition hereof, the Court makes the following determination herein on the record. Rule 8(b)(1), Local Rules of the Court.

The pertinent facts involved are undisputed. On September 24, 1984 the plaintiffs Gillilands received a notice of deficiency in their income tax from the district director of the Internal Revenue Service (IRS) in the amount of $3,894,705.04. Dr. Jerry Gilliland was one of a group consisting of two psychiatrists and eight psychologists who held stock in a corporation that owned and operated hospitals. The corporation subsequently sold its stock to Hospital Corporation of America.

All ten of the doctor-stockholders received respective notices of deficiency from the IRS and filed a petition with the United States Tax Court, seeking a re-determination of the deficiency. The tax treatment to be applied to the income realized from the sale of the stock is the crux of the deficiency-dispute between the IRS and the plaintiffs Gillilands.

The plaintiffs Gillilands filed their petition with the United States Tax Court on November 27, 1984, seeking a redetermination of their tax-liability. Mr. Brooks, Esq. was the attorney assigned to the case by the district counsel's office, and, on January 30, 1985 he filed an answer on behalf of the Commissioner of Internal Revenue. The controversy was referred by the Nashville district counsel's office to the appeals division of the IRS in Nashville in an effort to settle the matter without a trial. Because of its heavy workload, the Nashville appeals office transferred the case to the appeals office in Atlanta, Georgia.

Discussions then ensued between counsel representing the Gillilands and Gary L. Griffin, Esq., the appeals officer handling the matter, and settlement of the dispute was reached for an amount of $122,932.96,[1] which the taxpayers paid by check to the IRS. The settlement was subsequently approved by the associate chief of Atlanta appeals, and then was forwarded in the form of a partial stipulation to Mr. Brooks,

---

1. One issue (not pertinent to this action) was not settled successfully and is pending currently in the United States Tax Court.

Esq. in the Nashville district counsel's office for the proper signatures and entry with the United States Tax Court. However, after receiving the partial stipulation, Mr. Brooks, Esq. refused to execute and enter it with the Court, because it is his contention that the Gilliland controversy and the respective disputes involving the nine other doctors who were stockholders in the above-mentioned corporation are related, and that the agreement should not be executed until he is satisfied that the pertinent facts are developed sufficiently to insure that all of the related controversies will receive consistent treatment.

"Mandamus is an extraordinary remedy that may be granted only when the plaintiff's right thereto is clear and indisputable." *Martin v. Commissioner of Internal Revenue*, 753 F.2d 1358, 1360 [2] (6th Cir.1985), citing *Allied Chemical Corp. v. Dailflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). "[T]he elements necessary for its [mandamus'] proper issue include (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) lack of another available adequate remedy." *Gillis v. Internal Revenue Service*, 578 F.Supp. 69, 71 [7] (D.C. N.H. 1983); see also *United States, ex. rel. Girard Trust Co. v. Helvering*, 301 U.S. 540, 543–544, 57 S.Ct. 855, 857, 81 L.Ed. 1272 (1937); *Jones v. Alexander*, 609 F.2d 778, 781 [6] (5th Cir.1980).

▮ Although mandamus is appropriate under the proper circumstances to command an official of a government to perform a plainly defined duty, *Donovan v. United States*, 580 F.2d 1203, 1208 [6] (3d Cir.1978), it is only "proper to command an official to perform a ministerial or nondiscretionary act." *Bass Anglers Sportsman's Society of America v. Scholze Tannery, Inc.*, 329 F.Supp. 339, 350 [15] (D.C. Tenn.1971). (Citations omitted). Thus, this Court lacks the authority to order the defendants to perform a duty which is purely discretionary.

It is the plaintiffs' contention that the pertinent rules and regulations impose a plainly-defined duty on the defendants, in the performance of which they are estopped from exercising discretion, to execute the partial stipulation and file it with the United States Tax Court. The plaintiffs assert that, pursuant to 26 C.F.R. §§ 601.106(a)(1)(i), (d)(3)(iii) and Rev.Pro. 82–42, once the controversy was referred by the appeals office in Nashville to the appeals office in Atlanta, the latter had exclusive jurisdiction to settle it, and that, after a settlement was reached and the partial stipulation was forwarded to the district counsel's office in Nashville, it became incumbent upon said district counsel's office to execute and file the stipulation.

The settlement of "any civil or criminal case arising under the internal revenue laws" is authorized by 26 U.S.C. § 7122(a). Furthermore, 26 C.F.R. § 601.106, *supra*, grants exclusive jurisdiction to settle cases under specified circumstances to the appeals division of the IRS.

26 C.F.R. § 601.106(a)(1)(i), *supra*, states in pertinent part that:

> After the filing of a petition in the Tax Court, the Appeals office will have exclusive settlement jurisdiction..... over cases docketed in the Tax Court.

§ 601.106(d)(3)(iii)(a) further provides that:

> In the event of a settlement, Appeals will prepare and forward to Counsel the necessary computations and any stipulation decisions secured. Counsel will prepare any needed settlement documents for execution by the parties and filing with the Tax Court.

The plaintiffs Gillilands argue that the word *will* as used in the above-quoted provision, serves as a mandatory order to the defendants to execute and file the partial stipulation. However, the above two provisions cannot be read in isolation but must be construed in conjunction with § 601.106(d)(3)(iii)(c), which provides that:

> During the period of Appeals jurisdiction, Appeals will make available such files and information as may be necessary for Counsel to take any action re-

quired by the Court or which is in the best interests of the Government,

and § 601.106(d)(e)(iii)(d), which provides that:

> The Appeals Office may specify that proposed Counsel settlements be referred back to Appeals for its views. Appeals may protest the proposed Counsel settlements. If Counsel disagrees with Appeals, the Regional Counsel will determine the disposition of the cases.

"These provisions plainly contemplate participation by both the Appeals Office and the District Counsel in settlement proceedings. Under these provisions, moreover, it would appear that the District Counsel might be permitted to reject a settlement negotiated by the Appeals Office if in the 'best interests of the Government.'" *Jones v. Commissioner of Internal Revenue,* 795 F.2d 566, 572 (6th Cir.1986).

█ It is patent that whether a settlement is in the best interest of the United States in the premises is a determination to be made by the district counsel of the IRS in the exercise of his impersonal discretion. That discretion has not been abused in this instance, and this Court is unauthorized to issue a mandamus to compel the defendants to execute and file the partial stipulations implicated.

Pursuant to the IRS Manual, § 8425: "no settlement offer will be accepted by Appeals where there is a related case in Counsel unless both offices agree that the offer is acceptable. Disagreements between Appeals and Counsel on whether an offer should be accepted will be resolved by Regional Counsel, with the advice and assistance of the Regional Director of Appeals and the Deputy Regional Counsel." It is undisputed that there are related controversies within the IRS involving taxpayers other than the plaintiffs Gillilands concerning the identical dispute.[2]

As it would appear that this disagreement is now ripe for determination by the regional counsel of the IRS in the Atlanta region and that the plaintiffs are entitled to no relief from this Court, this action herein is DISMISSED with prejudice. Rule 58(1), F.R.Civ.P.

---

2. The confusion which arose in the handling of the present matter may be explained by the internal memorandum of Mr. Charles Barnes, chief of the IRS appeals office in Atlanta, who wrote: "In the normal course of business, this coordination and concurrence [to which there is allusion in the above quoted § 8425, *supra,* ] usually precedes the solicitation and securing of decision documents."