**SOLI CORPORATION, SOLI AOLAOLAGI,
and MARK MEREDITH, Appellants**

**v.**

**AMERIKA SAMOA BANK,
DEVELOPMENT BANK OF AMERICAN SAMOA,
and UNITED STATES SMALL BUSINESS ADMINISTRATION,
Appellees**

High Court of American Samoa
Appellate Division

AP No. 8-93

September 30, 1993

Before KRUSE, Chief Justice.

Counsel: For Appellants, Roy T. Chikamoto and Gata E. Gurr
For Appellee Amerika Samoa Bank, William H. Reardon
For Appellee Development Bank of American Samoa,
Marshall Ashley
For Appellee United States Small Business Administration,
Roy J.D. Hall, Jr.

On Appellants' "Verified Petition for Extraordinary Relief from Order Granting Intervention of United States Small Business Administration":

On September 28, 1993, Roy T. Chikamoto, counsel for appellants, filed a "Verified Petition for Extraordinary Relief from Order Granting Intervention of United States Small Business Administration." Counsel seeks an extraordinary writ requiring the trial court to vacate its order of July 19, 1993, which granted the United States Small Business Administration (hereinafter SBA)'s motion to intervene.

"Review of acts or failures to act by the Trial Division is had in the Appellate Division of the High Court." T.C.R.C.P. 88. In the Appellate Division, procedures for extraordinary writs are to conform with T.C.R.C.P. 87-102. A.C.R. 21. The respondents and real parties-in-interest must file any memoranda in opposition within 15 days of the service of the petition on them. T.C.R.C.P. 93. The court may grant, partially grant, or deny the petition. T.C.R.C.P. 92. If the petition is granted, a hearing is subsequently scheduled. T.C.R.C.P. 94-96.

Regarding a petition for relief, "a single justice of the appellate division may entertain and may grant or deny any request for relief . . . [except to] dismiss or otherwise determine an appeal or other proceeding." A.C.R. 27(c). Because either granting or denying the petition for an extraordinary writ would not determine the status of the appeal, a single justice may decide this petition. Pursuant to A.C.R. 27(c), this decision may be reviewed by the Appellate Division at the November appellate session.

Mandamus is available only if other forms of relief are unavailable. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03 (1976); *United States ex rel. Girard Trust Co. v. Helvering*, 301 U.S. 540, 543-44 (1937));

167

*American Samoa Gov't v. District Court*, 10 A.S.R.2d 18, 19 (Trial Div. 1989); *Siofele v. Shimasaki*, 9 A.S.R.2d 3, 11 (Trial Div. 1988). However, appellants' counsel has not shown that other remedies are unavailable or even that SBA was improperly allowed to intervene.

SBA's motion to intervene was granted in accordance with A.S.C.A. § 37.1102. Order Granting Motion to Intervene, CA No. 25-92 (July 19, 1993); *see* Order Relating to Motions [to] Cancel or Postpone Foreclosure Sales, Vacate Judgments, Dismiss Complaints, and Terminate Receivership, CA No. 25-92, slip op. at 2 (May 10, 1993). Likewise, appellants/defendants did not object to SBA's intervention in this action; though contrary to appellants' statements, the trial court did not state that defendants/appellants agreed to intervention but that counsel Gurr stated that he could not stipulate to SBA's intervention before consulting with counsel Chikamoto. Order Denying Motion for Stay Pending Appeal, CA No. 25-92, slip op. at 2 (July 22, 1993). Furthermore, appellants/defendants themselves raised the issue of SBA's nonjoinder by arguing that SBA was a statutorily indispensable party. Defendants' Memorandum in Support of Motion to Vacate Judgments [of January 29, 1993] (filed April 26, 1993), at 1-3.[1]

Likewise, appellants have failed to show that an extraordinary writ would be the proper remedy. Even if the trial division's decision were erroneous, appellants' counsel has not shown that other forms of relief are unavailable.

Therefore, appellants' petition for extraordinary relief is denied.

It is so ordered.

---

[1] On May 20, 1993, an order was issued which postponed the judicial sale until SBA was notified of the proceedings but denied defendants' motions to vacate judgments, cancel sale, and dismiss complaints.