**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAERSK CONTAINER SERVICE
COMPANY, INCORPORATED,
Petitioner-Appellant,

v.

JEANA F. JACKSON, District Director
for the Sixth Compensation District,

Office of Workers' Compensation
Programs, United States Department
of Labor; JOHN VITTONE, Chief
Judge, Office of Administrative
Law Judges, United States
Department of Labor,
Respondents-Appellees.

No. 97-1056

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-96-2302-2-23)

Submitted: October 31, 1997

Decided: December 4, 1997

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen E. Darling, Joseph D. Thompson III, SINKLER & BOYD,
P.A., Charleston, South Carolina, for Appellant. J. Davitt McAteer,

Acting Solicitor of Labor, Carol A. De Deo, Associate Solicitor, Samuel J. Oshinsky, Mark A. Reinhalter, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This matter is on appeal from the district court's denial of Maersk Container Service Company's mandamus petition. For the reasons set forth below, we affirm.

Pursuant to 28 U.S.C. § 1361 (1994), Maersk brought a mandamus action seeking an order compelling the District Director of the Office of Workers' Compensation Programs (the "Director") and the Chief Judge of the Office of Administrative Law Judges ("OALJ") to comply with certain statutes and regulations promulgated under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997) ("LHWCA").

The relevant facts in this case are not disputed. James E. Hamilton filed a claim for benefits under the LHWCA as a result of injuries he sustained during the course of his employment for Maersk. Maersk and Hamilton agreed to resolve their disputes and all other aspects of Hamilton's LHWCA compensation claim by way of a lump sum settlement. Through counsel, both Hamilton and Maersk submitted an application for approval of the settlement to the Defendant Director.

The Director approved the settlement agreement in a Compensation Order that was filed and served on December 1, 1995. On December 11, Hamilton sent a letter to Maersk's claim representative seeking to withdraw from the settlement agreement. The Director received that letter on December 22, deemed it a timely motion for reconsideration,

2

and subsequently filed a Supplemental Compensation Order vacating the December 1 Compensation Order. The Director then transferred Hamilton's claim to the OALJ for formal agency adjudication.

Maersk then filed the complaint in district court requesting mandamus relief which is the subject of this appeal. Maersk sought an order that would: (1) terminate the pending LHWCA administrative proceeding with prejudice and (2) require the administrative adjudicators to reinstate the vacated December 1 Compensation Order approving the settlement agreement.

Meanwhile, in the administrative proceeding before the OALJ, Maersk raised the same objection as presented to the district court in the mandamus complaint. Maersk asserted that Hamilton's claim was finally resolved by the Director's December 1 Compensation Order. The ALJ assigned to hear the claim (who is not a defendant in this action) remanded the proceedings to the Director for investigation and fact-finding regarding whether the agreement was subject to rescission for fraud, duress, or incapacity. Hamilton's claim is still pending before the Director.

Following a hearing, the district court granted the Defendants' motion to dismiss the complaint. Ruling from the bench, the court stated that the case was premature as administrative remedies had not been exhausted. Maersk timely appealed.

Maersk argues that the LHWCA and its corresponding regulations mandate that an employer be discharged from any further liability once a settlement is approved by the Director. See 33 U.S.C. § 908(i). It contends that the Director and the OALJ's duty to enforce this statute is sufficiently clear to warrant a writ of mandamus. This court agrees with the district court that Maersk has failed to state a cause of action upon which relief can be granted.

A writ of mandamus is a drastic remedy to be invoked only in the most compelling circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). A writ of mandamus will not lie absent a showing that: (1) plaintiff has a clear right to the relief sought; (2) defendants have a plainly defined ministerial duty to perform the act in question; and (3) plaintiff has no adequate alternative

3

remedy and will suffer irreparable harm absent judicial intervention. See United States v. Helvering, 301 U.S. 540, 543-44 (1937).

Maersk has advanced no claim which merits this extraordinary remedy. First, Maersk has not shown that either the statute or the regulations create the necessary right. Maersk bases its right to relief on § 908(i)(3), which states that "[a] settlement approved under this section shall discharge the liability of the employer." While Maersk is correct that such settlements are not subject to subsequent modification, see 33 U.S.C. § 922 (specifically exempting orders pursuant to § 908(i) agreements), the regulation providing for motions for reconsideration within ten days of the entry of a compensation order does not specifically exempt orders entered pursuant to settlement agreements. 20 C.F.R. § 802.206 (1997). While we express no opinion on whether approved settlement agreements are subject to 20 C.F.R. § 802.206, we find that LHWCA does not reflect a clear right to either dismissal of a motion for reconsideration or summary dismissal of a subsequent administrative claim filed after a settlement agreement is approved. See 33 U.S.C. § 923(a) (granting discretion to Director to investigate claims in such a way as to"best ascertain the rights of the parties").

In addition, the applicable statute does not establish a "positive command" on the part of Defendants to perform a specific action.[1] As such, the "clear duty" requirement for mandamus is absent. See Pittston Coal Group v. Sebben, 488 U.S. 105, 121-23 (1988). Even if the employer's liability is finally and completely discharged after a settlement agreement is approved, the statutes do not clearly state how such a right is to be enforced. That is, it may be that the discharge should be entered as a defense in any future action, rather than requiring dismissal by the administrative officials sua sponte. Again, we express no opinion on the correct interpretation of the relevant statutes, we hold only that Maersk has failed to show either a "clear right" to the relief it requests or a "clear duty" on the part of the Defendants to perform a certain action.

_____

[1] Furthermore, it is unclear what the Defendant Chief Judge could do at this point in time. The case is no longer before the OALJ, and even if it were, it has been assigned to a different judge.

4

Maersk also does not meet the third requirement for mandamus, because it has not shown that, absent judicial intervention, it will suffer irreparable harm or that it lacks an adequate alternative remedy. Maersk contends that it has the right to avoid litigation on this claim. However, at this point in time, Maersk has not suffered any legally cognizable harm. Mere lapse of time and litigation expense do not constitute irreparable harm. See F.T.C. v. Standard Oil Co., 449 U.S. 232, 244 (1980). Moreover, if the Department of Labor dismisses Hamilton's claim or finds it without merit, Maersk's fear of future injury will be moot.

In addition, Maersk does not lack adequate alternative remedies. Currently, Maersk's assertions are being considered by the Director. If a formal hearing is held by an ALJ, Maersk has the right to appeal any adverse decision to the Benefits Review Board ("BRB"). 33 U.S.C. § 921(b). Moreover, Maersk may appeal the BRB's decision to this court. 33 U.S.C. § 921(c). Any procedural objection that Maersk may have regarding the administrative procedure would be preserved for appeal. See F.T.C., 440 U.S. at 244-45.

In summary, Maersk has not demonstrated that it has a clear right to the relief sought, that defendants have a clear duty to dismiss Hamilton's claim, or that it will be irreparably injured if this court does not intervene.[2] Therefore, we affirm the district court's order dismiss-

_____

[2] In support of its argument, Maersk cites Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants, 17 F.3d 130, 134 (5th Cir. 1994). In Ingalls, the Fifth Circuit affirmed the grant of mandamus relief, ordering the Director to transfer asbestos claims to the OALJ for a hearing. The Director had, despite numerous requests, continued to delay the transfer, even though LHWCA and the corresponding regulations required the Director, upon a party's application, to transfer the case for a hearing.

The instant case differs from Ingalls in a crucial way. As discussed above, § 908(i) does not clearly create a duty on the part of the Director to do a particular action. While the Director is presumably charged with ensuring that an employer's liability is discharged pursuant to an approved settlement agreement, there is no requirement that the Director enforce that provision pursuant to a specific procedure. Conversely, in Ingalls, the director was explicitly required, by statute and by regulations, to transfer the cases. Further, in Ingalls, the Fifth Circuit had binding circuit precedent clearly outlining the Director's duty. Id. at 133. Because such is lacking here, Maersk cannot show a clear and mandatory duty.

5

ing Maersk's mandamus complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6