Kenneth D. **BAKER** and Beverly J. Baker, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

Civ. A. 80–A–1671.

United States District Court, D. Colorado.

March 26, 1981.

Kenneth D. and Beverly J. Baker, pro se.

Joseph F. Dolan, U. S. Atty., Denver, Colo., and William A. Bower, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

ARRAJ, District Judge.

Plaintiffs, appearing pro se, filed this action seeking a refund of income taxes paid by them for the taxable year ending December 31, 1978. The matter is presently before the Court on defendant's motion to dismiss the complaint because of a lack of subject matter jurisdiction. The parties have filed briefs, and the Court has heard oral argument; the matter is now ripe for disposition.

Plaintiffs filed this action on December 3, 1980. Defendant filed its answer on February 2, 1981. Subsequent to the filing of the answer defendant's counsel learned that plaintiffs had filed a suit in the United States Tax Court on October 2, 1980, asking that court to set aside, as null and void, "the total tax audit charges and assessments of income tax liability and statutory deficiency for the year 1978, the entire sum of $1,670.00," and penalties in the sum of $83.50. On December 5, 1980, plaintiffs filed an amended petition with the Tax Court asserting that the claimed deficiency and penalty for the year 1978 are in controversy "as the tax paid was in the form of an excise collected as a direct tax." After learning of the Tax Court action defendant moved to dismiss this action.

The question for determination is whether or not this court has jurisdiction over this tax refund suit brought subsequent to the filing of the petition in the Tax Court when the tax liability for the same years is in issue in both forums. Title 26 U.S.C. § 6512(a) provides in part

> [I]f the taxpayer files a petition with the Tax Court . . ., no credit or refund of income tax for the same taxable year . . . to which such petition relates, . . . shall be allowed or made and no suit by the taxpayer for recovery of any part of the tax shall be instituted in any Court. . . .

Plaintiffs having filed their petition in Tax Court on October 2, 1980, that court thereby obtained jurisdiction for the 1978 taxes put in issue by that petition. Because the Tax Court acquired jurisdiction prior to the filing of the complaint here, this court is without subject matter jurisdiction concerning the federal income taxes for the year 1978. It is elementary, although unfortunately not well known to the layman, that the filing of a timely petition with the United States Tax Court gives that court exclusive jurisdiction, 26 U.S.C. § 6512(a), thereafter barring a refund suit in the district court. *Dorl v. Commissioner*, 507 F.2d 406 (2d Cir. 1974), *citing United States v. Wolf*, 238 F.2d 447, 449 (9th Cir. 1956) and *Elbert v. Johnson*, 164 F.2d 421, 424 (2d Cir. 1947). *See also U. S. v. Joe Graham Post No. 119, Am. Legion*, 340 F.2d 474 (5th Cir. 1965) *cert. den.* 382 U.S. 824, 86 S.Ct. 55, 15 L.Ed.2d 70. *Yannicelli v. Nash*, 354 F.Supp. 143 (N.J.1973). It is therefore

ORDERED that defendant's motion to dismiss be and the same hereby is granted and the complaint and cause of action are dismissed.