**Patrick R. GILLIS**

v.

**INTERNAL REVENUE SERVICE, F.S. Miceli, Director, Pauline T. Riendeau, Agent.**

**Civ. No. 83–325–D.**

United States District Court, D. New Hampshire.

Sept. 2, 1983.

---

6. Standing issue.

7. *E.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (mootness issue).

Patrick R. Gillis, pro se.

Robert J. Lynn, Asst. U.S. Atty., Concord, N.H., Reba A. Raffaelli, Dept. of Justice, Washington, D.C., for defendants.

## ORDER

DEVINE, Chief Judge.

Plaintiff Patrick R. Gillis disputes his liability for certain federal taxes. He invokes the mandamus jurisdiction of this court pursuant to 28 U.S.C. § 1361.[1] The matter is before the Court at this juncture for resolution of the defendants' motion seeking dismissal for lack of jurisdiction.

At the outset, the Court notes that as the petition names as defendants certain individual employees of the United States Internal Revenue Service ("IRS") in their official capacities,[2] it is in actuality a

---

1. 28 U.S.C. § 1361 provides:
   The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

2. Defendant F.S. Miceli is the District Director of Internal Revenue, and defendant Pauline T. Riendeau is an employee in the Portsmouth office of IRS who signed a deficiency letter forwarded to plaintiff herein.

suit against the United States, and is accordingly one falling within the ambit of sovereign immunity in that a favorable decree would interfere with the public administration of the tax laws. *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 1053, 10 L.Ed.2d 191 (1963); *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Larson v. Domestic & Foreign Corporation*, 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949). Otherwise stated, the "United States, as sovereign, is immune from suit save as it consents to be sued". *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941), and such consent must accordingly be clearly stated. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

■ Where, as here, a taxpayer seeks to dispute an alleged tax deficiency, there are two judicial options made available to him. If the taxpayer desires to have his legal liability adjudicated in advance of any payment, he may seek relief in the Tax Court. 26 U.S.C. § 6213. Such choice, however, waives any right to future litigation elsewhere, including the right to trial by jury. *See Dorl v. C.I.R.*, 507 F.2d 406 (2d Cir. 1974); *Baker v. United States*, 518 F.Supp. 45, 46 (D.Colo.1981).

■ The taxpayer who desires to preserve the right to trial by jury, however, must first pay disputed taxes and then exercise his right to a jury trial in the United States District Court pursuant to the provisions of 28 U.S.C. § 1346(a).

■ Mr. Gillis, however, contends that he is entitled to a third option, i.e., a jury

trial in the Tax Court, lacking which further proceedings against him would be violative of his rights pursuant to the Seventh Amendment. This argument is without legal merit.[3] As there is no common law right of action against the sovereign, the Seventh Amendment does not apply to suits against the United States, *McElrath v. United States*, 102 U.S. 426, 440, 26 L.Ed. 189 (1880), and therefore the denial of the right to a jury in Tax Court is not unconstitutional. *McCoy v. C.I.R.*, 696 F.2d 1234, 1237 (9th Cir.1983) (and authorities therein cited).

■ Mandamus is an extraordinary remedy which is appropriate only when the duty imposed on the defendant is clear and unmistakable. *Falzarano v. United States*, 607 F.2d 506, 513 (1st Cir.1979). The elements necessary for its proper issuance include (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) the lack of another available adequate remedy. *Cervoni v. Secretary of Health, Education and Welfare*, 581 F.2d 1010, 1019 (1st Cir.1978); *Votolato v. Freeman*, 8 B.R. 766, 769 (D.C.D.N.H.1981).

■ In the instant case, there is clearly no duty imposed on the United States or any of its agents which requires it or any of them to furnish plaintiff with a trial by jury before seeking to assess a deficiency under the tax laws of the United States. As this court lacks jurisdiction of the instant case, the defendant's motion to dismiss must be and it is herewith granted.

SO ORDERED.

**3.** *United States v. Anderson*, 584 F.2d 369 (10th Cir.1978), upon which plaintiff relies, is inapposite. Therein the Government brought the action seeking to recover taxes, and the taxpayer, as defendant, was held entitled to trial by jury on his timely demand for same. There is currently pending no judicial action by the Government against plaintiff. And the argument that *Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which declared

unconstitutional as violative of Article III the broad jurisdiction of bankruptcy courts somehow requires that the Tax Court be similarly declared unconstitutional, is not here applicable, for there it was the extension of broad powers, including the right to supervise jury trials, that required invalidation of the legislation. Plaintiff here suggests that the absence of a similar right to supervise jury trials requires a finding that the Tax Court is unconstitutional.