Marion BECKLESS, individually and on behalf of all others similarly situated, Plaintiff,

v.

Margaret HECKLER, Secretary of the United States Department of Health and Human Services, Defendant.

No. 84 C 9335.

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1985.

John M. Bouman, Sherry Faulkner, Steven Saltzman, Legal Assistance Foundation of Chicago, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Ann L. Wallace, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiff, Marion Beckless, moves this Court for an order certifying the above class pursuant to Fed.R.Civ.P. 23(a) and (b). For reasons stated below, the Court grants plaintiff's motion for certification.

## I. FACTS

The named plaintiff, Marion Beckless, brings this action on her behalf, and on behalf of others similarly situated, to challenge SSI regulatory policies established by the U.S. Department of Health and Human Services. The Supplemental Security Income (SSI) program provides a minimum income for the poor and disabled and is established under 42 U.S.C. §§ 1381 *et seq.* The plaintiff seeks to certify the class pursuant to Fed.R.Civ.P. 23(a) and (b) and has filed an amended motion for class certification which defines the class as follows:

All Supplemental Security Income (SSI) applicants who have resided or are residing in Illinois or Wisconsin, whose applications are denied or initial benefits are reduced due to in-kind income determined under 20 C.F.R. §§ 416.1140 and .1141 (1984) (or predecessor regulations), regardless of whether such income can be used to meet needs for food, clothing or shelter; and all recipients of SSI who have resided or are residing in Illinois or Wisconsin whose benefits are being or have been reduced or terminated pursuant to the same policies, who have made a claim for continuing benefits by filing a request for reconsideration or otherwise.

## II. DISCUSSION

██ Defendant argues that the class cannot be certified because putative class members have failed to meet the jurisdictional requirements of 42 U.S.C. § 405(g).

Section 405(g) provides:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

To obtain a final decision two elements must be met. First, class members must meet the nonwaivable element of presenting a claim for benefits to the Secretary. Second, the party presenting the claim must exhaust all administrative remedies before seeking judicial review of the matter. This second requirement has been held to be waivable by either the Secretary or the court. *Mathews v. Eldridge,* 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1975); *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975); *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 2023, 80 L.Ed.2d 622 (1984). Certain circumstances must exist for the court to waive the exhaustion requirement. A court may waive the requirement when the plaintiff's legal claims are wholly collateral to their claims for benefits and when prompt resolution is so necessary that deferring to an agency decision is inappropriate. *Giacone v. Schweiker,* 656 F.2d 1238, 1243 (7th Cir.1981); *Eldridge,* 424 U.S. at 330, 96 S.Ct. at 900. Waiver also may occur when an administrative remedy would be futile due to the Secretary's "final" position on the statutory issues. *Liberty Alliance for the Blind v. Califano,* 568 F.2d 333, 345–46 (3rd Cir.1977). In the present case, the Secretary contends that the putative class members fail to meet both the waivable and nonwaivable requirements. The Court disagrees.

### A. *Presentation Requirement*

██ Some courts have found that merely applying for benefits is sufficient to meet the presentment requirement under section 405(g). *Wright v. Califano,* 603 F.2d 666, 668–70 (7th Cir.1979); *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976); *Johnson v. Heckler,* 100 F.R.D. 70 (N.D.Ill.1983). As the *Johnson* case correctly points out, "the policy of the Seventh Circuit has been that the initial application for benefits meets the jurisdiction criteria." *Johnson,* 100 F.R.D. at 73 n. 5. As such, claimants who have applied for benefits in the present case have met the presentment requirement. Other requirements, however, are obligatory for recipients who have had their benefits terminated. Recipients whose benefits are terminated must present a new claim altogether. *Heckler v. Lopez,* 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431, motion to vacate stay denied,

464 U.S. 879, 104 S.Ct. 221, 78 L.Ed.2d 217 (1983) (Rehnquist, J. finding that recipients must file for continued benefits after benefits are terminated). Although the plaintiff's original complaint was drafted so as to include potentially ineligible class members who failed to file for continued benefits, the plaintiff's amended complaint comports with both the Seventh Circuit's policy and the requirements set forth by Justice Rehnquist in *Lopez*. *Id.* 104 S.Ct. at 14. Consequently, the putative class members have fulfilled the presentment requirement by narrowing the definition of their class as was done in the *Johnson* case.

### B. *Exhaustion of Administrative Remedies*

In addition to fulfilling the presentment requirement, potential class members must exhaust all administrative remedies or have waiver granted by the court or the Secretary. To waive the "exhaustion of remedies" requirement the court need find only that the claim is collateral to an award of benefits or that exhaustion would be futile. A collateral claim is one in which the legal claim is not tied to the claim for benefits. A positive result in the legal claim will not result necessarily in class members receiving benefits. *Johnson v. Heckler*, 607 F.Supp. 875, 880 (N.D.Ill.1984). A claim is futile when the Secretary's position is firm and further administrative appeal would prove unavailing. *Thomas v. Heckler*, 598 F.Supp. 492, 499 (M.D.Ala.1984).

In the present case, waiver is justified on either ground. Here the claim for benefits is not "inextricably intertwined" with the procedural question being adjudicated. *Ringer*, 104 S.Ct. at 2021. Moreover, a final decision on the substantive issue here will not automatically determine whether each class member receives benefits. A decision merely will alter the valuation method which may lead to the eventual distribution of benefits. As summarized in *Johnson v. Heckler*, 607 F.Supp. at 880, a claim is collateral when the sought-after change does not result in all members of the putative class receiving an award of benefits. If change in procedural policy is

achieved in the present case, some members still may be denied benefits.

The need for prompt judicial review is also present in this case. The purpose of the SSI program is to provide a minimum amount of income for the aged, blind and disabled. The benefits are distributed to eligible recipients to meet their basic needs. Individuals wrongly denied benefits for food, clothing, and shelter likely would incur substantial hardship. Thus, the necessity for prompt relief cannot be overlooked. *Johnson*, 100 F.R.D. at 74; *see also Caswell v. Califano*, 583 F.2d 9, 14 (1st Cir. 1978). The requisite elements have been met for waiver on collateral grounds.

The futility requirement is met as well. The case of *Jackson v. Schweiker*, 683 F.2d 1076 (7th Cir.1982), supports the argument of waiver on futility grounds. In *Jackson*, the plaintiff also challenged regulations governing SSI benefits which "impute as unearned income to SSI recipients the difference between the fair market rental value and the rent actually paid for shelter." *Jackson v. Schweiker*, 683 F.2d at 1077. Because the named plaintiff who had met the exhaustion requirement still failed to receive relief, the district court in *Jackson* waived exhaustion for the remainder of the class. *Jackson v. Harris*, 86 F.R.D. 452, 454 (N.D.Ind.1980), *aff'd on other grounds sub nom. Jackson v. Schweiker*, 683 F.2d 1076 (7th Cir.1982). The *Jackson* court found that the Secretary's decision was final as to the named plaintiff and was not likely to be altered for other class members challenging the regulation. *Jackson*, 86 F.R.D. at 453. Given that the procedural issues discussed by the Seventh Circuit Court of Appeals in *Jackson* are the same issues involved in the present case, there is no reason to believe the Secretary would alter her stance in any subsequent appeals. The Secretary's position in *Jackson* is indicative of what her position is likely to be in the present case. Furthermore, a decision in the *Jackson* case has provided the Secretary with a clear opportunity to reconsider her position. Her failure to do so indicates that exhaustion of administrative remedies in this case would be futile. *See Chico v.*

*Heckler*, 710 F.2d 947 (2d Cir.1983); *Johnson v. Heckler*, 100 F.R.D. at 74 (N.D.Ill. 1983).

The defendant cites the *Ringer* case in support of her argument that waiver is inappropriate in this case. However, *Ringer* is distinguishable from the case at hand. In *Ringer*, the plaintiff sought to alter the Secretary's policy as to medicare payments for BCBR surgery (bilateral carotid body resection). The Supreme Court found that the plaintiff's claim for benefits in *Ringer* was "inextricably intertwined" with the legal claims being adjudicated. Thus, the legal claims were not collateral to the plaintiff's claim for benefits. *Ringer*, 104 S.Ct. at 2021. In addition, the court found that further administrative appeal would not have been futile because the administrative law judge was not bound by the previous ruling in the case. *Id.* at 2024.

The court in *Ringer* did not call into question a court's ability to waive exhaustion requirements in certain circumstances. Instead, the court ruled that those circumstances did not exist in *Ringer*. Class members merely sought reimbursement for surgery which already had been performed. *Id.* at 2021. Here, the plaintiff seeks only procedural changes. As previously stated, the court's ruling in the present case will not necessarily result in a payment of benefits to class members. The two cases are factually dissimilar.

## C. *60-Day Requirement*

Another of defendant's arguments involves the problem of class members allegedly failing to meet the 60-day requirement of section 205(g) of the Social Security Act. This section requires judicial review "within sixty days after the mailing ... of notice of [final] decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g) (1982). The Seventh Circuit Court of Appeals has ruled previously on the 60-day requirement and has found it to be a statute of limitations waivable by the parties and not a jurisdictional requirement. *Johnson v. Heckler*, 769 F.2d 1202, 1209 (7th Cir.1985); *Wilson v. Edelman*, 542 F.2d 1260, 1274 (7th Cir.1976); *see also, Eldridge*, 424 U.S. at 328 n. 9, 96 S.Ct. at

899 n. 9; *Salfi*, 422 U.S. at 764, 95 S.Ct. at 2466; *City of New York v. Heckler*, 742 F.2d 729, 737–38 (2d Cir.1984).. Here, however, defendant has not waived the 60-day requirement.

In *Lopez v. Heckler*, 725 F.2d 1489 (9th Cir.1984), the Ninth Circuit Court of Appeals found that the court, as well as the parties, could waive the 60-day requirement in unusual circumstances. The court held that the 60-day limitation would be inapplicable when constitutional claims were raised or when jurisdiction was based on the mandamus statute. *Id.* at 1506; *see also, Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Substantial constitutional issues not subject to the 60-day limitation were held to exist in *Lopez*. Furthermore, the court stated that deference to the agency on the issue of waiver was inappropriate given the bad faith on the part of the Secretary in refusing to follow previous decisions of the court on this matter. *Lopez*, 725 F.2d at 1506. It was largely the Secretary's issuance of a clear statement of nonacquiescence which led to a finding of bad faith. *Id.* at 1500.

In the case at hand, plaintiff cites both *Lopez* and *Holden v. Heckler*, 584 F.Supp. 463, 465 (N.D.Ohio 1984), as support for waiver of the 60-day requirement due to the Secretary's failure to follow the decision of the Seventh Circuit Court of Appeals in *Jackson*. However, it is not clear from the *Jackson* decision whether the Secretary is refusing completely to comply with the Seventh Circuit's decision. The Secretary has not issued a policy of nonacquiescence as was done in *Lopez*, and without further evidence, it is unclear whether the Secretary has failed to perform her duties as a public official. Consequently, no issue of bad faith has been presented which would merit a waiver of the 60-day requirement. Instead, the court finds that each claimant must have received a final decision within 60 days prior to the filing of this action for the court to maintain jurisdiction over those claimants. *Heckler v. Lopez*, 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431, *motion to vacate stay denied*, 464 U.S. 879, 104 S.Ct. 221, 223, 78

L.Ed.2d 217 (1983) (Stevens, J. dissenting in part, concurring in part).

In *Lopez*, the Ninth Circuit answers the question of whether a final decision has occurred despite the waiver of exhaustion. *Lopez*, 725 F.2d at 1505. Plaintiffs who show futility of exhaustion, as the plaintiff has here, "have also demonstrated that they have received a final decision for purposes of the sixty-day requirement." *Lopez.* 725 F.2d at 1505. The fact that some potential class members may be subsequently excluded does not affect the ability of the class to become certified. An overbroad class may be narrowed by amendment of the certification order. Fed.R. Civ.P. 23(c)(4) and 23(d); *see also, Smith v. Heckler*, 595 F.Supp. 1173, 1185 (E.D.Cal. 1984). In addition, the plaintiffs who fail to meet the 60-day requirement possibly may invoke jurisdiction under the mandamus statute, 28 U.S.C. § 1361.

### D. *Mandamus Jurisdiction*

■ Section 1361 of the judicial code provides:

District courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The Supreme Court has not decided the issue of whether the third sentence of § 405(h) bars mandamus actions arising under the Social Security Act. *Ringer*, 104 S.Ct. at 2022. Other lower courts, however, have found that mandamus relief under the act is not precluded when claims are "essentially procedural in nature." *Ringer v. Schweiker*, 697 F.2d 1291 (9th Cir.1982), *cert. granted sub nom. Heckler v. Ringer*, 463 U.S. 1206, 103 S.Ct. 3535, 77 L.Ed.2d 1386 (1983); *Ellis v. Blum*, 643 F.2d 68 (2d Cir.1981); *Sharpe v. Harris*, 621 F.2d 530, 532 (2d Cir.1980). A writ of mandamus will not issue unless: (1) plaintiff has a plain right to have the act performed, (2) the defendant has a plain duty to perform it, and (3) no other adequate remedy is available to the plaintiff. *Kennecott Copper Corp., Nevada Mines v. Costle*, 572 F.2d 1349, 1356 (9th Cir.1978); *City of New York*, 742 F.2d at 729. A writ

of mandamus is an extraordinary remedy which should not issue unless the duty upon the defendant is clear and unmistakable. *Gillis v. IRS*, 578 F.Supp. 69 (D.C.N. H.1983). Where the interpretation or application of a statute or regulation is discretionary, a writ of mandamus is not controlling. *Mid-American Regional Council v. Mathews*, 416 F.Supp. 896 (W.D.Mo.1976).

■ Taking into consideration the above prerequisites, it is inappropriate at this time to determine whether jurisdiction can be invoked under § 1361. There is insufficient evidence before this Court which would demonstrate the existence of a duty, and a failure, to act by the Secretary. Therefore, the issue of whether jurisdiction may be invoked under the mandamus statute must be addressed at a later time when more evidence is available to determine whether the Secretary has failed to perform a duty.

### E. *Requirements of Rule 23(a) and (b)*

#### 1. *Numerosity*

■ Rule 23(a)(1) requires a class to be so numerous that joinder of each class member is impracticable. No specific number is determinative of whether a class is large enough to be certified. *Johnson*, 100 F.R.D. at 72. However, it is the plaintiff's burden to show impracticality of joinder. *Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir.1978).

■ The statistics introduced by the plaintiff, as well as the plaintiff's stipulation as to numerosity, are sufficient to fulfill the numerosity requirement for class certification in this case. *See Smith v. Heckler*, 595 F.Supp. at 1186 (plaintiff's introduction of statistics, although not presenting exact figures, gives sufficient indication of the numbers involved).

#### 2. *Common Question of Law or Fact*

Rule 23(a)(2) requires there to be a common question of law or fact between all members of the putative class. Here, the class is limited only to those SSI applicants or recipients who have been denied initial or continuing benefits under the challenged regulations and who wish to challenge the Secretary's method of determining such benefits. Therefore, the class definition

# 721

provides a question of law common to the entire class.

### 3. *Typicality*

 The typicality element requires the class representative to have a claim "based on the same legal theory" as the claim asserted on behalf of other class members. *Long v. Thornton Tp. High School District 205*, 82 F.R.D. 186, 190 (N.D.Ill.1979). The nature of each party's claim must be the same for all parties. Here, the valuation method for determining SSI benefits is challenged on the grounds that it constitutes statutory, regulatory and constitutional violations. The nature of the plaintiff's claim is no different from that of the other class members.

### 4. *Adequate Representation by Named Plaintiff*

The final requirement involves adequate representation by the named plaintiff on behalf of other class members. "Adequacy of representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class." *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir.1977).

The attorneys presently representing the plaintiffs have been found to be adequate counsel several times in the past. *See, e.g., Wright v. Califano*, 587 F.2d 345 (7th Cir. 1978); *Jimenez v. Weinberger*, 523 F.2d 689 (7th Cir.1975); *Johnson v. Heckler*, 100 F.R.D. 70 (N.D.Ill.1983). Furthermore, all class members, including the named plaintiff, will benefit equally if relief is granted. The plaintiff's interest is not adverse or inconsistent with others in the class. In addition, the requirements under 23(b)(2) have been met. Therefore, injunctive and declaratory relief are appropriate with respect to the class as a whole.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion for class certification is granted under Fed.R.Civ.P. 23(a) and (b) with the following modifications as to the class definition:

The plaintiff class includes those members whose benefits were terminated or reduced pursuant to the policies challenged in this action on or since August 27, 1984, at any stage of the administrative process, or who had challenges to such decisions pending on August 27, 1984. Because the complaint was filed on October 26, 1984, these class members all meet the Act's statute of limitations requiring that actions for judicial review of the Secretary's decision be filed within 60 days of the date of the decision.

IT IS SO ORDERED.