**ALAMOANA S. MULITAUAOPELE, Petitioner**

**v.**

**ARONA MAIAVA, JR., Acting Territorial Auditor,
and TERRITORIAL AUDIT OFFICE OF THE
AMERICAN SAMOA GOVERNMENT, Respondents**

High Court of American Samoa
Trial Division

CA No. 73-93

August 2, 1993

Before RICHMOND, Associate Justice.

Counsel: Petitioner, Pro Se

Order Denying Petition for Writ of Mandamus:

On July 13, 1993, Alamoana S. Mulitauaopele petitioned for a writ of mandamus to require the Acting Territorial Auditor and the Territorial Audit Office to audit alleged overexpenditures and misuse of public funds by the House of Representatives of the Legislature of American Samoa. On July 21, 1993, proceedings were suspended, pending compliance with the service and proof of service requirements under T.C.R.C.P. Rule 91 and the complete filing of requisite documents under T.C.R.C.P. Rule 89. With substantial compliance with these court rules achieved as of July 27, 1993, the court will act to grant, partially grant or deny the petition in accordance with T.C.R.C.P. Rule 92.

The extraordinary writ of mandamus will not be issued unless "(1) the plaintiff has a plain right to have the act performed; (2) the defendant has a plain duty to perform it; and (3) there is no other adequate remedy available to the plaintiff." *Gifford Pinchot Alliance v. Butruille*, 742 F. Supp. 1077, 1082-83 (D. Or. 1990); *see Siofele v. Shimasaki*, 9 A.S.R.2d 3, 11 (Trial Div. 1988); *Beckless v. Heckler*, 622 F. Supp. 715, 720 (N.D. Ill. 1985) (citing *Kennecott Copper Corp. v. Costle*, 572 F.2d 1349, 1356 (9th Cir. 1978); *City of New York v. Heckler*, 742 F.2d 729 (2d Cir. 1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986)). As such, "[t]he common-law writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03 (1976); *United States ex rel. Girard Trust Co. v. Helvering*, 301 U.S. 540, 543-44 (1937)).

First, mandamus is available only if other forms of relief are unavailable. *Ringer*, 466 U.S. at 616 (citing *Kerr*, 426 U.S. at 402-03; *Helvering*, 301 U.S. at 543-44); *American Samoa Gov't v. District Court*, 10 A.S.R.2d 18, 19 (Trial Div. 1989); *Siofele v. Shimasaki*, 9 A.S.R.2d 3, 11 (Trial Div. 1988). Petitioner states that he has exhausted "all prerequisite administrative procedures," which would fulfill this requirement. As a taxpayer, petitioner also has the requisite standing to pursue this matter. "As a broad proposition, state taxpayers have

98

standing to challenge the legality of the expenditure of public funds by any governmental agency . . . and, unlike federal courts, most states permit such citizen-taxpayer suits even on nonfiscal issues." *Carsten v. Psychology Examining Comm. of the Bd. of Medical Quality Assurance*, 614 P.2d 276, 279 (Cal. 1980) (citing 3 Davis, Administrative Law Treatise 245, 249 (1958)).

Second, the alleged duty must be "mandatory or ministerial," not "discretionary or directory." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987), *cert. denied* 484 U.S. 828 (1987). Thus, if the application or interpretation of a statute is discretionary, a writ of mandamus will not be issued. *Beckless*, 622 F. Supp. at 720 (citing *Mid-American Regional Council v. Mathews*, 416 F. Supp. 896 (W.D. Mo. 1976)). Furthermore, the party seeking mandamus bears the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Kerr*, 426 U.S. at 403 (quoting *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 384 (1953); *United States v. Duell*, 172 U.S. 576, 582 (1899)). Thus, mandamus is appropriate only if "the claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Elliott v. Weinberger*, 564 F.2d 1219, 1226 (9th Cir. 1977) (quoting *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970)), *modified on other grounds sub nom. Califano v. Yamasaki*, 442 U.S. 682 (1979); *see Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) ("clear nondiscretionary duty") (quoting *Ringer*, 466 U.S. at 616); *Beckless*, 622 F. Supp. at 720 ("clear and unmistakable" duty) (citing *Gillis v. IRS*, 578 F. Supp. 69, 71 (D.N.H. 1983)); *Butruille*, 742 F. Supp. at 1083.

The Territorial Audit Office, headed by the Territorial Auditor, exists as an independent agency of the American Samoa Government. A.S.C.A. § 4.0402. This statutory independence guarantees that any agency of the government is subject to audit, unimpeded by the head of that agency or any other government official. *See* A.S.C.A. § 1.0419 (auditor's access to records). Decisions to audit and the conduct of each audit must be uninfluenced and unfettered by partisanship or bias. A.S.C.A. § 4.0411(b). Clearly, petitioner's allegations that the American Samoa House of Representatives overspent its budget for four consecutive fiscal years, 1989 through 1992, and misused public funds could justify an independent audit.

Nevertheless, the decision as to whether this or any other audit is warranted in light of the circumstances is one of policy. Neither the Territorial Audit Office nor the Territorial Auditor is statutorily

compelled to undertake any particular audit; instead, the statute gives them discretion to conduct audits as they deem appropriate. *See* A.S.C.A. §§ 4.0401-4.0420. Even if this audit is desirable, this court does not have the power to order the Territorial Audit Office or the Territorial Auditor to take discretionary action. Mandamus is not a remedy available to petitioner.

Therefore, the petition for a writ of mandamus must be and is denied. It is so ordered.