**ALAMOANA S. MULITAUAOPELE, Petitioner**

**v.**

**ARONA MAIAVA, JR., Acting Territorial Auditor, and TERRITORIAL AUDIT OFFICE OF THE AMERICAN SAMOA GOVERNMENT, Respondents**

High Court of American Samoa
Trial Division

CA No. 73-93

August 25, 1993

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: Petitioner, Pro Se

Order Denying Motion for Reconsideration:

On August 2, 1993, this court issued its order denying petitioner's request for a writ of mandamus. Petitioner filed a motion for reconsideration on August 4, 1993. For the reasons enumerated below, his motion for reconsideration is denied.

First, mandamus is inappropriate in this case. As this court previously noted, mandamus will not be issued if the application or interpretation of a statute is discretionary. *Beckless v. Heckler*, 622 F. Supp. 715, 720 (N.D. Ill. 1985) (citing *Mid-American Regional Council v. Mathews*, 416 F. Supp. 896 (W.D. Mo. 1976)). The party seeking a writ of mandamus bears the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976) (quoting *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 384 (1953); *United States v. Duell*, 172 U.S. 576, 582 (1899)). Petitioner has failed to show that the statute mandates certain types of audits, let alone the particular audit which he has requested. Indeed, petitioner bases one of his challenges on the premise that the statute purports to give the Territorial Audit Office the discretion as to which audits to conduct. Because petitioner has failed to show that the statute is not discretionary, mandamus was properly denied.

Second, petitioner's due process rights have not been violated. *See* Rev. Const. Am. Samoa Art. I, § 2. Procedural due process

constrains government decisions which deprive an individual of some "property" or "liberty" interest. Furthermore, due process does not prohibit the government's taking of property but requires that a person have an opportunity to be heard before his property is finally taken. *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976); *see Parratt v. Taylor*, 451 U.S. 529, 540 (1981); *Ferstle v. American Samoa Gov't*, 7 A.S.R.2d 26, 49 (Trial Div. 1988). Petitioner has neither shown the existence of a property interest nor that his property has been taken. Thus, petitioner has not demonstrated a due process violation of any sort.

Third, this court rejects petitioner's argument that the statutory provision giving the Territorial Audit Office the discretion to conduct audits is unconstitutional. A court exercising judicial review starts with the presumption that a statute is valid. *Immigration & Naturalization Serv. v. Chadha*, 462 U.S. 919, 944 (1983) (citing *TVA v. Hill*, 437 U.S. 153, 194-95 (1978)). Similarly, "it is the duty of [] courts to construe a statute in order to save it from constitutional infirmities." *Mistretta v. United States*, 488 U.S. 361, 406 n.28 (1989) (quoting *Morrison v. Olson*, 487 U.S. 654, 682 (1988)); *see Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 595 (1952) (Frankfurter, J., concurring). As such, this court will not find a statute unconstitutional unless it cannot be plausibly construed otherwise.

Petitioner also repeatedly states his belief that the statute operates unfairly. However, the job of this court is not to determine public policy. A statute's "wisdom is not the concern of the courts; if a challenged action does not violate the Constitution, it must be sustained" because courts "do not sit as a committee of review." *Chadha*, 462 U.S. at 944 (citing *TVA*, 437 U.S. at 194-95); *see also Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 223 (1983) ("The courts should not assume the role which our system assigns to Congress."); *Mistretta*, 488 U.S. at 415 ("the basic policy decisions governing society are to be made by the Legislature") (Scalia, J., dissenting). In short, separation of powers is a fundamental constitutional doctrine, which constrains each governmental branch from intruding into the legitimate functions of the others. *See Metropolitan Wash. Airports Auth. v. Citizens for the Abatement of Aircraft Noise, Inc.*, 501 U.S. ___, ___, 115 L. Ed. 2d 236, 256-57 (1991); *Chadha*, 462 U.S. at 951.

The legislation creating the Territorial Audit Office, including the discretionary audit provision, was properly enacted by the territory's duly-chosen Legislature and Governor. These policymaking branches of

government rationally decided the structure and powers of this office. Even if petitioner is correct that the law is badly written, he should turn to the lawmaking branches for rectification. If this court were to accept his invitation to intrude into the policymaking decisions of the legislative and executive branches, this action would itself violate the separation of powers. Petitioner's attempt to have the statute declared unconstitutional is therefore unwarranted.

Accordingly, petitioner's motion for reconsideration is denied.

It is so ordered.