Marion BECKLESS, individually and on behalf of all others similarly situated, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. 84 C 9335.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 18, 1995.

John Mark Bouman, Legal Assistance Foundation of Chicago, Chicago, IL, Sherry

R. Faulkner, Legal Assistance Foundation, Harvey, IL, for plaintiff.

Ann L. Wallace, Joan Cagen Laser, United States Attorney's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Putative members of the plaintiff class, Nossrat Tehrani and Mary Portilla, have filed a motion to enforce the terms of the Stipulation to Dismiss signed by the parties on April 9, 1987. For the reasons discussed below, the motion is granted.

### A. Background

#### 1. Relevant Rules of the Supplemental Security Program

The Supplemental Security Program provides benefits to aged, blind or disabled individuals who meet the statutory income and resource limitations. 42 U.S.C. §§ 1381, 1382, 1382a, 1382b. A Social Security Income ("SSI") recipient is paid a standard monthly benefit rate, currently $458.00, reduced by the recipient's countable income. 42 U.S.C. § 1382(b). Such income consists of earned income and unearned income, which includes "in-kind" contributions of support and maintenance. 42 U.S.C. § 1382a(a)(2)(A). In-kind income is defined as anything you receive ... that you can use to meet your needs for food, clothing, and shelter.... In-kind income is not cash, but is actually food, clothing, or shelter, or something you can use to get one of these. 20 C.F.R. § 416.1102. Shelter is defined to include rent, which is at issue here. 20 C.F.R. § 416.1130(b).

The Commissioner values in-kind contributions of rent by applying the "presumed maximum value" ("PMV") rule. The Commissioner presumes in-kind rent is worth a maximum value equal to one-third the recipient's federal benefit rate plus the general income exclusion described in 20 C.F.R. § 416.1124(c)(12), which is $20.00. 20 C.F.R. § 416.1140(a)(1). Currently, the PMV is $172.67.[1]

#### 2. *Jackson v. Schweiker,* 683 F.2d 1076 (7th Cir.1982)

In *Jackson v. Schweiker,* 683 F.2d 1076, 1077 (7th Cir.1982), an Indiana plaintiff class challenged the policy of the Social Security Administration ("SSA") to impute as unearned income to SSI recipients the difference between the rent actually paid for shelter and the fair market rental value of the shelter. The named plaintiff, Madgey Jackson, received monthly SSI benefits of $56.40 and a Veterans Administration pension of $133.00, resulting in a total monthly income of $189.40. *Id.* at 1077, 1080. Ms. Jackson lived alone in a house owned by her sister, and paid her sister $145.00, or approximately 77 percent of her income, for rent each month. *Id.* at 1080. The cash available to meet Ms. Jackson's needs beyond shelter was $44.40, or about 23 percent of her monthly income.

Ms. Jackson's sister stated that she would charge a non-relative tenant $250.00 each month as rent for the house. *Id.* at 1077. The Social Security Administration ("SSA") determined that the excess of the current market value of the house ($250.00) over the amount of rent Ms. Jackson actually paid ($145.00), which was $105.00, constituted unearned income to Ms. Jackson. *Id.* at 1080. Applying the PMV rule, the SSA deducted $83.13 (the PMV at the time) from Ms. Jackson's monthly benefits rather than the full $105.00. *Id.* As a result, Ms. Jackson was left with her $133.00 VA pension benefit to pay her monthly living expenses, including her $145.00 rent payment. *Id.* at 1081. The Seventh Circuit noted that in theory, after termination of her SSI benefits, Ms. Jackson's payments for shelter were $145.00 in cash rent plus $83.13 in unearned income for a total of $228.13 out of $216.13 of income ($133.00 VA pension benefit plus $83.13 unearned income). *Id.* This figure was 106 percent of her income. *Id.*

The Court of Appeals evaluated the circumstances of Ms. Jackson and the class

---

1. The plaintiff claims that the PMV is $173, and the defendant asserts that it is $172.66. After taking one-third of $458, the current monthly benefit rate, and adding $20, the court arrives at $172.67.

which she represented in light of 20 C.F.R. § 416.1102(a) (1980), which defined "in-kind income" as "the receipt by an individual of any property or service which he can apply, either directly or by sale or conversion to meet his basic needs for food, clothing and shelter." *Id.* at 1079. The court also relied on 20 C.F.R. § 416.1120 (1980), providing that "in determining the amount of unearned income the amount actually available to the individual is considered." *Id.* Accordingly, the "only fairly arguable issue" before the court was

> whether unearned income measured by an excess of market value over actual cost for shelter is "actually available" to a *recipient* to meet *basic subsistence needs* [.]

*Id.* at 1081 (emphasis supplied).

The court took into account the economic reality of Ms. Jackson's situation. Imputing $105.00 of income to Ms. Jackson did not make sense because Ms. Jackson's purchasing power, "an increased ability to pay for goods that are needed or wanted," had not been augmented by that amount. *Id.* at 1082. The value to Ms. Jackson of her housing exceeding the price she paid (which was 77 percent of her income before the reduction in her benefits) was of little worth to her, and the $105.00 imputed to her was not money "actually available" to her to purchase food, clothing or shelter. *Id.* at 1082, 1085; *see* 20 C.F.R. § 416.1120 (1980). The additional shelter was, in fact, "phantom income." *Id.* The Court explained:

> [T]he additional shelter provided no longer responds to the "basic needs," ... of a recipient who has already committed 77% of her income to shelter and it no longer enhances purchasing power to the full extent of the difference. The additional housing is thus beyond the range of basic needs. And the imputation of an additional percentage of income to shelter over and above 77% may have the effect of making fewer dollars available for the other necessities of life. These residual dollars would seem clearly essential to meet basic needs for food, clothing, etc. The loss of dollars

to meet even the most essential of these basic needs represents a loss of value which probably more than offsets any additional value of shelter.

*Id.* at 1085 n. 16. The Court remanded the case to the district court to instruct the SSA to either change his interpretation of or amend the regulations so that a recipient's unearned income from receiving shelter at prices below market value would be attributable to her only when "the unearned income represents additional resources available to the recipient (increased purchasing power) to meet his or her basic needs." *Id.* at 1087.

### 3. *Beckless v. Heckler,* 622 F.Supp. 715 (N.D.Ill.1985)

In *Beckless v. Heckler,* 622 F.Supp. 715 (N.D.Ill.1985), the court granted the plaintiff's motion to certify a class defined as follows:

> All Supplemental Security Income (SSI) applicants who have resided or are residing in Illinois or Wisconsin, whose applications are denied or initial benefits are reduced due to in-kind income determined under 20 C.F.R. §§ 416.1140 and .1141 (1984) (or predecessor regulations), regardless of whether such income can be used to meet needs for food, clothing or shelter; and all recipients of SSI who have resided or are residing in Illinois or Wisconsin whose benefits are being or have been reduced or terminated pursuant to the same policies, who have made a claim for continuing benefits by filing a request for reconsideration or otherwise.

*Id.* at 717. All individuals whose benefits were terminated or reduced "pursuant to the policies challenged in [the] action" on or after August 27, 1984 were also included in the class. *Id.* at 721. The class representative, Marion Beckless, was living in a house owned by her mother and paying her mother $200.00 each month as rent.[2] Ms. Beckless' mother claimed that she could receive $450.00 in rent per month on the open market. The SSA considered the difference between the fair market rental value ($450.00)

---

2. The plaintiff's opening brief provides an account of Marion Beckless' circumstances, which the Commissioner has not contested.

and the amount actually paid in rent ($200.00) as in-kind support and maintenance, and after applying the PMV rule, reduced Ms. Beckless' $314.00 in SSI by $124.66 (the PMV at the time), resulting in her receiving benefits of $189.34. Similar to Ms. Jackson, Ms. Beckless was now unable to pay her rent or meet her other basic needs.

### 4. The Revised Regulation

The *Jackson* case was terminated by a revised SSA regulation applicable to the plaintiff Indiana class. *Beckless* was settled by an agreement that the plaintiff class in that case—persons residing in Illinois and Wisconsin—would also be included in the new regulation. The regulation states:

> In-kind support and maintenance means any food, clothing, or shelter that is given to you or that you receive because someone else pays for it ... You are not receiving in-kind support and maintenance in the form of room or rent if you are paying the amount charged under a business arrangement. A business arrangement exists when the amount of monthly rent required to be paid equals the current market rental value ... *Exception:* In the States in the Seventh Circuit (Illinois, Indiana, and Wisconsin), a business arrangement exists when the amount of monthly rent required to be paid equals or exceeds the presumed maximum value ... In those States, if the required amount of rent is less than the presumed maximum value, we will impute as in-kind support and maintenance, the difference between the required amount of rent and either the presumed maximum value or the current market value, whichever is less.

20 C.F.R. § 416.1130(b).

### 5. The Putative Class Members

The individuals seeking relief based on the settlement in *Beckless* include Nossrat Teh-rani, who began receiving SSI in 1986 after turning 65 years old.[3] In 1993, the Commissioner informed Ms. Tehrani that her benefits would be reduced because she was receiving "in kind support and maintenance" because her two daughters paid part of her rent each month directly to her landlord. In 1992, Ms. Tehrani's rent was $585.00. She paid $385.00, approximately 90 percent of her income, and her daughters each paid $100.00. The SSA has applied the PMV rule and, since the amount of rent paid by Ms. Tehrani's daughters ($200.00) exceeds the PMV, or $173.00, has reduced Ms. Tehrani's benefits by the PMV. $173.00 subtracted from the SSI standard benefit level of $458.00 leaves Ms. Tehrani with a monthly benefit of $285.00 to meet her costs of shelter and other basic needs.

Also requesting relief pursuant to the *Beckless* settlement is Mary Portilla, who started collecting SSI in 1989 after turning 65 years old. Ms. Portilla was notified in 1993 that she had been overpaid benefits and, consequently, her monthly benefit would from that point on be reduced. The SSA's reason for decreasing Ms. Portilla's benefits was that she was receiving "in-kind support and maintenance" since her brother was paying a portion of her rent directly to her landlord.

In 1991–92, she paid $390.00, more than 90 percent of her income as rent to her landlord. Ms. Portilla's brother paid the remaining $200.00 on a total rental of $590.00. Because $200.00 exceeds the PMV of $173.00, the Commissioner considers that Ms. Portilla receives $173.00 of in-kind income and diminishes her benefits accordingly. Consequently, $173.00 is subtracted from $458.00, resulting in Ms. Portilla being paid a monthly benefit of $285.00.

---

**3.** The facts of Ms. Tehrani's case and the case of the other putative class member, Mary Portilla, are adopted from the plaintiff's motion and opening brief. Plaintiff states that the information about the Tehrani case is from the administrative record filed in *Tehrani v. Chater*, No. 95 CV 0850. At the time plaintiff drafted her brief, the administrative record in *Portilla v. Chater*, No. 95 CV 0851, apparently was not yet available. The plaintiff obtained the background of Ms. Portilla's claim from Ms. Portilla's copies of documents and represented that she would correct any mistakes after the filing of the record. The plaintiff has not notified the court of any corrections, and the defendant has not disputed plaintiff's descriptions of either the Tehrani or the Portilla cases. Accordingly, I will assume the truth of plaintiff's accounts of both cases.

## 6. The Present Motion

Ms. Tehrani and Ms. Portilla argue that 20 C.F.R. § 416.1130(b) precludes the Commissioner from reducing their SSI benefits. They maintain that section 416.1130(b) must be employed to prohibit the attribution of in-kind income to individuals in their circumstances, *i.e.*, where a third person pays a portion of the market value rent directly to the landlord, rather than only in cases resembling Madgey Jackson's and Marion Beckless', *i.e.*, where the landlord charges the tenant less than market rent and does not receive the balance elsewhere. Ms. Portilla and Ms. Tehrani assert that they are within the exception applicable to the Seventh Circuit states because the amount of rent paid out of their own pockets exceeds the PMV. Accordingly, they claim that they paid rent under a business arrangement and, therefore, did not incur in-kind support and maintenance. Ms. Tehrani and Ms. Portilla also note the similarities between their cases and the cases of Marion Beckless and Madgey Jackson, namely that after application of the PMV rule and the corresponding diminishment of their benefits, they do not have sufficient income to pay their portions of the rent let alone to fulfill their other basic needs.

Ms. Tehrani and Ms. Portilla claim that they are members of the *Beckless* class and the settlement in that case embodied by the Stipulation to Dismiss ("Stipulation") applies to them. Ms. Tehrani and Ms. Portilla claim that by insisting on charging them with in-kind income, the Commissioner violates 20 C.F.R. § 416.1130(b) and therefore the settlement in *Beckless*.

## B. Whether this Court has Jurisdiction

■ Ms. Tehrani and Ms. Portilla request that this court enforce the Stipulation by ordering the Commissioner under 20 C.F.R. 416.1130(b) not to charge in-kind income to individuals with circumstances such as Ms. Tehrani's and Ms. Portilla's. Enforcement of a settlement agreement does not merely entail resuming a dismissed lawsuit. The action must therefore have its own jurisdictional basis. *Kokkonen v. Guardian Life Insurance Company of America*, — U.S. —, — – —, 114 S.Ct. 1673, 1675–

76, 128 L.Ed.2d 391 (1994). The parties to the *Beckless* lawsuit executed the Stipulation on April 9, 1987. Paragraph 11 of the Stipulation states:

> 11. In the event of the failure of defendant to comply with the terms of this Stipulation, defendant agrees that the named plaintiff may file an appropriate motion for enforcement in court, and any other class member in whose favor the Stipulation is made may do the same.

On September 21, 1987, Judge Nicholas J. Bua dismissed the case without prejudice pursuant to the Stipulation. Judge Bua specifically incorporated into his order dismissing the case Paragraph 11 of the Stipulation, conferring upon the district court power to enforce the settlement agreement. Final Order, ¶ C, p. 2. Accordingly, any breach of the Stipulation violates the court's order, and therefore, this court has ancillary jurisdiction to enforce the Stipulation. *Id.* at 1677; *see also Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir.1994), *cert. denied*, — U.S. — 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995).

## C. Whether Ms. Tehrani and Ms. Portilla May Recover Under the Beckless Settlement Agreement

■ The *Beckless* plaintiff class includes recipients of SSI who live in Illinois or Wisconsin and whose benefits have been reduced or terminated since August, 1984 as a result of "in-kind income determined under 20 C.F.R. §§ 416.1140 and .1141 (1984) (or predecessor regulations)." *Beckless v. Heckler*, *supra*, 622 F.Supp. at 717, 721. Both Ms. Tehrani and Ms. Portilla are SSI recipients who reside in Illinois and have suffered a reduction in their benefits as a result of the SSA attributing in-kind income to them pursuant to the PMV rule, which is set forth in 20 C.F.R. § 416.1140 and .1141. Thus, Ms. Tehrani and Ms. Portilla are members of the *Beckless* class.

■ Under section 416.1130(b), in-kind support and maintenance will not be imputed to an individual who pays the amount of rent charged under a "business arrangement." As a result of the *Beckless* settlement, in Illinois, "a business arrangement exists when

the amount of monthly rent required to be paid equals or exceeds the presumed maximum value." Ms. Tehrani's monthly rent was $585.00 of which she paid $385.00; Ms. Portilla's total rental was $590.00, and she paid $390.00 of this amount. Thus, the amount of rent each Ms. Tehrani and Ms. Portilla paid from her pocket exceeded the PMV of $173.00. Accordingly, under the unequivocal language of the "Exception" in 20 C.F.R. § 416.1130(b), Ms. Tehrani and Ms. Portilla paid rent under a business arrangement, and therefore, in-kind income should not have been attributed to them.[4]

The defendant argues that the *Beckless* class notices indicate that Ms. Tehrani and Ms. Portilla were not covered by the settlement agreement. The class notices are not determinative. The notice informed the plaintiff class of actions they needed to take for the SSA to determine their respective rights to retroactive benefits under the settlement agreement. *See* Stipulation to Dismiss, ¶ 6; Notice. Additionally, "while Rule 23(e) directs the giving of notice, it leaves the form of the notice to the court's discretion...." *Navarro–Ayala v. Hernandez–Colon*, 951 F.2d 1325, 1337 (1st Cir.1991). As a result, where class members were not prejudiced, some courts have overlooked the absence of any notice at all. *Id.* Defendant has not provided authority for the position that a class notice takes precedence over a settlement agreement with clear, unambiguous language like the one at issue here.

### Conclusion

For the reasons set forth above, Ms. Tehrani and Ms. Portilla's motion to enforce the Stipulation to Dismiss in this case is granted.

---

4. The defendant essentially argues that the "Exception" applicable to the Seventh Circuit should be read out of section 416.1130(b). Opposition Brf., p. 10. By its words, the exception does not confine a business arrangement to payment of full rent charged by a landlord. Rather, a business arrangement exists "when the amount of monthly rent required to be paid equals or exceeds the presumed maximum value...." 20 C.F.R. § 416.1130(b).